CERTIFIED:
AS A TRUE COPY:
ATTEST:
JOHN A. CERINO, CLERK
BY /s/ [signature]
Deputy Clerk
JUL-31-2019

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: SENSIPAR (CINACALCET HYDROCHLORIDE TABLETS)
ANTITRUST LITIGATION     MDL No. 2895

## TRANSFER ORDER

**Before the Panel:**[*] Plaintiffs in actions pending in the Eastern District of Pennsylvania (*KPH Healthcare Services*) and the District of Delaware (*UFCW Local 1500*) separately move under 28 U.S.C. § 1407 to centralize this litigation in their respective districts. The litigation consists of four putative class actions (the two aforementioned actions, District of Delaware *César Castillo*, and District of New Jersey *Teamsters Local 237*), and one individual action (District of Delaware *Cipla*), as listed on the attached Schedule A.[1]

Most responding parties support centralization, but there is disagreement concerning the choice of an appropriate transferee district, as well as to whether the *Cipla* action should be included in the centralized proceedings. Both moving plaintiffs favor inclusion of *Cipla*. The *César Castillo* plaintiff argues for the District of Delaware, and for "coordination" of *Cipla* with the other actions. The *Teamsters Local 237* plaintiff opposes inclusion of *Cipla*, and argues for the District of New Jersey. Defendants Amgen Inc., Teva Pharmaceuticals USA, Inc., Watson Laboratories, Inc., and Actavis Pharma, Inc., support centralization in any of the three districts, but oppose "consolidation" as to *Cipla*.[2] Finally, the *Cipla* plaintiffs (Cipla Ltd. and Cipla USA, Inc.) take no position on centralization other than that *Cipla* should be excluded from the proposed MDL.

---

[*] Judge Ellen Segal Huvelle took no part in the decision of this matter. Additionally, one or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1] To be precise, the Schedule of Actions (*see* Panel Rule 6.1(b)(ii)) filed by the *UFCW Local 1500* plaintiff lists all five actions, whereas that of the *KPH Healthcare Services* plaintiff omits *Cipla*.

[2] Several of the parties appear to be under the misapprehension that the Panel directs whether the cases in a given MDL should be coordinated or consolidated. As the Panel has stated: "We refrain from dictating the structure of an MDL's pretrial proceedings (such as whether the litigation will proceed in a coordinated manner as opposed to consolidated proceedings). We choose instead to leave the degree of coordination or consolidation of involved actions to the sound discretion of the transferee judge." *In re Bear Creek Techs., Inc., ('722) Patent Litig.*, 858 F. Supp. 2d 1375, 1377 (J.P.M.L. 2012).



-2-

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization in the District of Delaware will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. The actions share factual issues arising from allegations of anticompetitive conduct designed to restrain competition in the market for Amgen's highly successful Sensipar drug and its generic equivalents.[3] The alleged anticompetitive conduct appears principally to implicate a January 2019 agreement between Amgen and Teva, pursuant to which Teva purportedly agreed to stop selling its generic version of Sensipar. The common factual issues, which include the merits of patent litigation dating back to September 2016, appear to be complex, and likely will require significant discovery. Centralization will eliminate duplicative discovery, the possibility of inconsistent rulings on class certification and other pretrial matters, and conserve judicial and party resources.

We select the District of Delaware as the transferee district. The three earliest-filed actions are pending there (*Cipla*, *UFCW Local 1500*, and *César Castillo*), and it is a relatively convenient venue for all parties. Significant pretrial activity, including a hearing and decision on a preliminary injunction motion, has taken place in *Cipla*. Chief Judge Leonard P. Stark, who is presiding over *Cipla* and the other two Delaware actions, already has gained substantial familiarity with many aspects of this litigation. He is an experienced transferee judge, and we are confident that he will steer the litigation on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the District of Delaware are transferred to the District of Delaware, and, with the consent of that court, assigned to the Honorable Leonard P. Stark for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Lewis A. Kaplan     R. David Proctor
Catherine D. Perry     Karen K. Caldwell
Nathaniel M. Gorton

---

[3] Sensipar is used to treat secondary hyperparathyroidism in adults suffering from chronic kidney disease. Hyperparathyroidism is a condition in which one or more of the parathyroid glands become overactive and secrete too much parathyroid hormone. This can lead to hypercalcemia (elevated calcium levels in the blood), which can weaken bones, create kidney stones, and interfere with the functioning of the heart and brain.

3

IN RE: SENSIPAR (CINACALCET HYDROCHLORIDE TABLETS)
ANTITRUST LITIGATION                                MDL No. 2895

## SCHEDULE A

District of Delaware

CIPLA LTD., ET AL. v. AMGEN INC.,
    C.A. No. 1:19-00044
UFCW LOCAL 1500 WELFARE FUND v. AMGEN, INC., ET AL.,
    C.A. No. 1:19-00369
CESAR CASTILLO, INC. v. AMGEN INC., ET AL.,
    C.A. No. 1:19-00396

District of New Jersey

TEAMSTERS LOCAL 237 WELFARE FUND, ET AL. v. AMGEN, INC., ET AL.,
    C.A. No. 2:19-08561

Eastern District of Pennsylvania

KPH HEALTHCARE SERVICES, INC. v. AMGEN, INC., ET AL.,
    C.A. No. 2:19-01510