IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:  SENSIPAR (CINACALCET HYDROCHLORIDE TABLETS) ANTITRUST LITIGATION | C.A. No. 19-md-2895-LPS |
| THIS DOCUMENT RELATES TO:<br><br>ALL INDIRECT PURCHASER ACTIONS | C.A. No. 19-369-LPS<br><br>C.A. No. 19-1461-LPS<br><br> REDACTED - PUBLIC VERSION |

**AMGEN INC.'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS
END PAYOR PLAINTIFFS' CONSOLIDATED COMPLAINT**

OF COUNSEL:

M. Sean Royall
Ashley E. Johnson
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue
Suite 2100
Dallas, TX 75201
(214) 571-2900

Eric J. Stock
Kate Dominguez
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY  10166-0193
(212) 351-4000

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
began@mnat.com

*Attorneys for Defendant Amgen Inc.*

Original Filing Date: October 15, 2019
Redacted Filing Date: October 22, 2019

## TABLE OF CONTENTS

Page

NATURE AND STAGE OF PROCEEDINGS ............................................................................. 1

SUMMARY OF ARGUMENT ................................................................................................... 1

STATEMENT OF FACTS ........................................................................................................... 3

LEGAL STANDARD .................................................................................................................. 4

ARGUMENT ................................................................................................................................ 4

    I.    Named Plaintiffs Lack Standing Except in the Four States of Alleged Injury. .............. 4

    II.    Almost All of the Claims Named Plaintiffs Have Standing to Bring Have Fatal
        Flaws. ........................................................................................................................... 8

        A.    New York and Tennessee Law Do Not Prohibit Unilateral Conduct. ................... 8

        B.    Unjust Enrichment Claims Seeking To Circumvent Statutory Prohibitions
               Warrant Dismissal. ................................................................................................ 9

        C.    Indirect Purchasers Cannot State an Unjust Enrichment Claim in Several
               States. ................................................................................................................... 10

        D.    Duplicative Unjust Enrichment Claims Should Be Dismissed. ........................... 10

    III.    Many of EPPs' Claims for Which They Lack Standing Have Additional Fatal
        Flaws. ......................................................................................................................... 11

        A.    Several States Allow Only Consumers, Not Third Party Payors, To Bring
               a Claim. ................................................................................................................ 11

        B.    Only Citizens or Residents of Utah Can Bring a Claim Under that State's
               Law. ..................................................................................................................... 12

        C.    Several States' Antitrust Laws Do Not Apply To Unilateral Conduct. ............... 12

        D.    Certain States' Statutes Prohibit Indirect Purchaser Class Actions. ................... 13

        E.    Plaintiffs Cannot Bring a Claim In States That Require Intrastate
               Misconduct. ......................................................................................................... 16

        F.    Plaintiffs Allege Invalid Claims Under California Law. ..................................... 16

        G.    Unjust Enrichment Claims That Circumvent Statutory Prohibitions
               Warrant Dismissal. .............................................................................................. 17

H.     Indirect Purchasers Cannot State an Unjust Enrichment Claim in Several States. ................................................................................................................ 18

I.     Duplicative Unjust Enrichment Claims Should Be Dismissed. ............................ 19

CONCLUSION ...................................................................................................................... 20

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*A & M Supply Co. v. Microsoft Corp.*,
2008 WL 540883 (Mich. Ct. App. Feb. 28, 2008)...................................................18

*In re Aftermarket Filters Antitrust Litig.*,
2010 WL 1416259 (N.D. Ill. Apr. 1, 2010) ...........................................................18

*In re Aggrenox Antitrust Litig.*,
2016 WL 4204478 (D. Conn. Aug. 9, 2016) ..........................................................12

*In re Aggrenox Antitrust Litig.*,
94 F. Supp. 3d 224 (D. Conn. 2015)..........................................................1, 12, 14

*Amchem Products, Inc. v. Windsor*,
521 U.S. 591 (1997)..............................................................................................7

*Apache Corp. v. MDU Res. Grp., Inc.*,
603 N.W.2d 891 (N.D. 1999) ..............................................................................19

*In re Apple & AT&T iPad Unlimited Data Plan Litig.*,
802 F. Supp. 2d 1070 (N.D. Cal. 2011) ................................................................11

*Archer v. Holmes*,
2018 WL 534475 (N.D. Ga. Jan. 23, 2018)..........................................................18

*In re Asacol Antitrust Litig.*,
2016 WL 4083333 (D. Mass. July 20, 2016)...............................................11, 12, 13, 14

*In re Asacol Antitrust Litig.*,
907 F.3d 42 (1st Cir. 2018)...................................................................................7

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)..............................................................................................4

*Bell Atl. Corp. v. Twombly*,
550 U.S. 554 (2007)..............................................................................................4

*Block v. Jaguar Land Rover N. Am., LLC*,
2016 WL 3032682 (D.N.J. May 26, 2016) ...........................................................19

*California v. Infineon Techs. AG*,
531 F. Supp. 2d 1124 (N.D. Cal. 2007) ................................................................16

*In re Capacitors Antitrust Litig.*,
  154 F. Supp. 3d 918 (N.D. Cal. 2015) .................................................................................6

*In re Cast Iron Soil Pipe & Fittings Antitrust Litig.*,
  2015 WL 5166014 (E.D. Tenn. June 24, 2015)...................................................................16

*In re Chocolate Confectionary Antitrust Litig.*,
  749 F. Supp. 2d 224 (M.D. Pa. 2010) ................................................................................19

*Cole v. NIBCO, Inc.*,
  2015 WL 2414740 (D.N.J. May 20, 2015) .........................................................................18

*Commonwealth Elec. Inspection Servs. v. Town of Clarence*,
  776 N.Y.S.2d 687 (N.Y. App. Div. 2004) ...........................................................................9

*DaimlerChrysler Corp. v. Cuno*,
  547 U.S. 332 (2006)...............................................................................................4, 5, 6

*Danny Lynn Elec. & Plumbing, LLC v. Veolia ES Solid Waste Se., Inc.*,
  2011 WL 2893629 (M.D. Ala. July 19, 2011)....................................................................18

*Davis v. Ace Hardware Corp.*,
  2014 WL 688132, at *15 (D. Del. Feb. 21, 2014) ..............................................................13

*In re DDAVP Indirect Purchaser Antitrust Litig.*,
  903 F. Supp. 2d 198 (S.D.N.Y. 2012).................................................................................19

*Dimidowich v. Bell & Howell*,
  803 F.2d 1473 (9th Cir. 1986) ...........................................................................................12

*In re Ditropan XL Antitrust Litig.*,
  529 F. Supp. 2d 1098 (N.D. Cal. 2007) ............................................................................6, 9

*In re Ductile Iron Pipe Fittings Indirect Purchaser Antitrust Litig.*,
  2013 WL 5503308 (D.N.J. Oct. 2, 2013)...............................................................................6

*In re EpiPen Mktg., Sales Practices & Antitrust Litig.*,
  336 F. Supp. 3d 1256 (D. Kan. 2018).................................................................................9

*In re Express Scripts, Inc., Pharmacy Benefits Mgmt. Litig.*,
  2006 WL 2632328 (E.D. Mo. Sept. 13, 2006).....................................................................12

*Fenerjian v. Nongshim Co.*,
  72 F. Supp. 3d 1058 (N.D. Cal. 2014) ...............................................................................10

*In re Flonase Antitrust Litig.*,
  692 F. Supp. 2d 524 (E.D. Pa. 2010) ...............................................................6, 9, 15, 19

*In re Ford Tailgate Litig.*,
   2014 WL 1007066 (N.D. Cal. Mar. 12, 2014) ....................................................................11

*In re Gen. Motors LLC Ignition Switch Litig.*,
   257 F. Supp. 3d 372 (S.D.N.Y. 2017) ...........................................................................18, 19

*In re Generic Pharm. Pricing Antitrust Litig.*,
   368 F. Supp. 3d 814 (E.D. Pa. 2019) .........................................................................4, 7, 15

*Illinois Brick Co. v. Illinois*,
   431 U.S. 720 (1977) ............................................................................................................1

*In re Insulin Pricing Litig.*,
   2019 WL 643709 (D.N.J. Feb. 15, 2019) ..........................................................................5

*Kessel v. Monongalia Cty. Gen. Hosp. Co.*,
   648 S.E.2d 366 (W. Va. 2007) ..........................................................................................16

*Langan v. Johnson & Johnson Consumer Cos.*,
   897 F.3d 88 (2d Cir. 2018) .................................................................................................6

*Lewis v. Casey*,
   518 U.S. 343 (1996) ........................................................................................................5, 7

*Licul v. Volkswagen Grp. of Am., Inc.*,
   2013 WL 6328734 (S.D. Fla. Dec. 5, 2013) .....................................................................10

*In re Lidoderm Antitrust Litig.*,
   103 F. Supp. 3d 1155 (N.D. Cal. 2015) ............................................................................17

*In re Lipitor Antitrust Litig.*,
   336 F. Supp. 3d 395 (D.N.J. 2018) .......................................................................13, 14, 15

*Long v. Se. Pa. Transp. Auth.*,
   903 F.3d 312 (3d Cir. 2018) ...............................................................................................4

*In re Magnesium Oxide Antitrust Litig.*,
   2011 WL 5008090 (D.N.J. Oct. 20, 2011) ......................................................................6, 8

*Neale v. Volvo Cars of N. Am., LLC*,
   794 F.3d 353 (3d Cir. 2015) ............................................................................................5, 6

*In re Niaspan Antitrust Litig.*,
   2015 WL 8150588 (E.D. Pa. Dec. 8, 2015) .......................................................................5

*In re Niaspan Antitrust Litig.*,
   42 F. Supp. 3d 735 (E.D. Pa. 2014) ........................................................................ *passim*

*In re Novartis & Par Antitrust Litig.*,
   2019 WL 3841711 (S.D.N.Y. Aug. 15, 2019) ............................................................ *passim*

*Ortiz v. Fibreboard Corp.*,
   527 U.S. 815 (1999)....................................................................................................7

*In re Packaged Ice Antitrust Litig.*,
   779 F. Supp. 2d 642 (E.D. Mich. 2011).....................................................................6

*In re Packaged Seafood Prods. Antitrust Litig.*,
   242 F. Supp. 3d 1033 (S.D. Cal. 2017)....................................................................10

*Parm v. Nat'l Bank of Cal., N.A.*,
   242 F. Supp. 3d 1321 (N.D. Ga. 2017) ....................................................................18

*Pixler v. Huff*,
   2011 WL 5597327 (W.D. Ky. Nov. 17, 2011) .........................................................18

*Preiser v. Newkirk*,
   422 U.S. 395 (1975)....................................................................................................8

*In re Relafen Antitrust Litig.*,
   221 F.R.D. 260 (D. Mass. 2004)..............................................................................12

*In re Remicade Antitrust Litig.*,
   345 F. Supp. 3d 566 (E.D. Pa. 2018) .......................................................................16

*Shady Grove Orthopedic Assocs. v. Allstate Ins. Co.*,
   559 U.S. 393 (2010)............................................................................................13, 14

*Somers v. Apple, Inc.*,
   729 F.3d 953 (9th Cir. 2013) ...................................................................................17

*Standard Oil Co. of Ky. v. State*,
   65 So. 468 (Miss. 1914)............................................................................................16

*Steamfitters Local Union No. 420 Welfare Fund v. Philip Morris, Inc.*,
   171 F.3d 912 (3d Cir. 1999).......................................................................................9

*In re Suboxone Antitrust Litig.*,
   64 F. Supp. 3d 665 (E.D. Pa. 2014) ..........................................................................7

*In re Suboxone (Buprenorphine Hydrochloride & Naloxone) Antitrust Litig.*,
   2017 WL 4642285 (E.D. Pa. Oct. 17, 2017).............................................................2

*In re Wellbutrin XL Antitrust Litig.*,
   260 F.R.D. 143 (E.D. Pa. 2009).............................................................................5, 8

*In re Wellbutrin XL Antitrust Litig.*,
  756 F. Supp. 2d 670 (E.D. Pa. 2010) ............................................................13, 15

*Winters v. Ocean Spray Cranberries, Inc.*,
  296 F. Supp. 3d 311 (D. Mass. 2017) ...................................................................12

*In re Zetia Antitrust Litig.*,
  2019 WL 1397228 (E.D. Va. Feb. 6, 2019) ...........................................7, 9, 17, 18

**Statutes**

740 Ill. Comp. Stat. 10/7(2) ......................................................................................15

Ariz. Rev. Stat. § 44-1415(A) ...................................................................................15

Cal. Bus. & Prof. Code §§ 16700, *et seq.* ................................................................12

Cal. Bus. & Prof. Code §§ 17200, *et seq.* ................................................................16

Haw. Rev. Stat. §§ 480-2, *et seq.* .......................................................................14, 15

Kan. Stat. Ann. §§ 50-101, *et seq.* ...........................................................................12

Mass. Gen. Laws ch. 93A ..........................................................................................11

Miss. Code Ann. §§ 75-21-1, *et seq.*...................................................................12, 16

Mo. Rev. Stat. §§ 407.020, *et seq.* ...........................................................................12

N.Y. Gen. Bus. L. §§ 340, *et seq.* ..........................................................................8, 9

Nev. Rev. Stat. Ann. §§ 598A, *et seq.* .................................................................15, 16

S.D. Codified Laws §§ 37-1, *et seq.* .........................................................................16

Tenn. Code Ann. §§ 47-25-101, *et seq.* ......................................................................8

Utah Code § 76-10-3109(1)(a) ...................................................................................12

Vt. Stat. Ann. tit. 9, §§ 2453, *et seq.* ........................................................................12

W. Va. Code §§ 47-18-3, *et seq.* ...............................................................................16

**Other Authorities**

1 William B. Rubenstein, *Newberg on Class Actions* § 2:5 (5th ed. 2012) ....................................7

**Rules**

Fed. R. Civ. P. 12(b) ............................................................................................................1, 2, 3

## NATURE AND STAGE OF PROCEEDINGS

Amgen Inc. ("Amgen") hereby moves to dismiss the end payor plaintiffs' Consolidated Class Action Complaint ("EPP Compl.") under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and under Rule 12(b)(6) for failure to state a claim.[1]

## SUMMARY OF ARGUMENT

Three organizations that paid for generic or branded Sensipar® in only four states are asserting claims in fifty states and territories on behalf of a class of indirect purchasers of those products. This overreach is EPPs' attempt to bring the type of uniform, national claim under the laws of individual states that is unavailable to indirect purchasers under federal law. Federal antitrust law precludes indirect purchasers from recovering damages because such recovery would present "a serious risk of multiple liability for defendants" and add "whole new dimensions of complexity to treble-damages suits [which would] seriously undermine their effectiveness." *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 730, 737 (1977). Here, while the EPPs seek only injunctive relief under federal antitrust law, they stitch together a "Frankensteinian equivalent" of a federal claim for damages by alleging more than one hundred antitrust, consumer protection, and unjust enrichment claims under the laws of fifty states and territories. *See* EPP Compl. ¶¶ 123–222; *In re Aggrenox Antitrust Litig.*, 94 F. Supp. 3d 224, 255 (D. Conn. 2015).

The legal theories for all of the EPPs' claims are the same as the Direct Purchaser Plaintiffs'—that patent-litigation settlement agreements between Defendant Amgen Inc. and companies that applied to the FDA to sell generic Sensipar® unlawfully delayed the market entry of generic Sensipar®. *Compare* EPP Compl. ¶¶ 106–11 & 114–21, *with* DPP Compl. ¶¶ 233–41, 243–

---

[1] The plaintiffs in the indirect purchaser class action describe the putative class represented as the "end payors."

248.  All of the EPPs' claims fail because of the dispositive flaws explained in Amgen's Brief in Support of its Motion to Dismiss Direct Purchaser Plaintiffs' Consolidated Complaint (filed concurrently herewith), which applies to both the DPPs' and EPPs' complaints and is incorporated herein by reference. *See, e.g.*, *In re Suboxone (Buprenorphine Hydrochloride & Naloxone) Antitrust Litig.*, 2017 WL 4642285, at *11–12 (E.D. Pa. Oct. 17, 2017) (dismissing thirty-five "state antitrust claims premised on the identical actions that form the basis of the Sherman Act claims . . . for the same reasons" as the federal claims because the state antitrust laws at issue "continue to be consistently interpreted in parallel, if not identically, with the Sherman Act").  Accordingly, the EPP Complaint should be dismissed in its entirety.  This motion explains *additional* dispositive flaws in nearly all of EPPs' state-law claims.

*First*, EPPs lack standing to bring claims under the laws of any states in which the named plaintiffs do not allege that they paid for the products at issue.  Without making a payment in a particular state they could not have incurred injury in that state, and they therefore lack Article III standing to allege claims arising under that state's laws.  EPPs allege purchases in only four states. The Court lacks subject matter jurisdiction over all other claims and should dismiss them pursuant to Rule 12(b)(1).

*Second*, state-specific flaws require dismissal of almost all of EPPs' claims in the states in which they do establish standing.  EPPs attempt to assert a monopolization claim against Amgen, but New York and Tennessee's antitrust statutes do not prohibit unilateral conduct.  Unjust enrichment claims are unavailable for EPPs in the states that prohibit EPPs from bringing actions based on the same conduct under the state's antitrust statutes.  And to the extent the Court holds that the EPPs have stated a statutory claim, the Court should dismiss that state's unjust enrichment claim as duplicative.

*Third*, although the Court lacks subject matter jurisdiction to address the merits of claims alleged under the laws of states in which the named plaintiffs lack standing, the majority of those claims have additional fatal flaws that warrant dismissal.

Accordingly, Amgen respectfully requests that the Court dismiss EPPs' Complaint in its entirety or, at a minimum, dismiss all of EPPs' claims except the consumer protection claim under Florida law and the antitrust conspiracy claims under New York and Tennessee law.

## STATEMENT OF FACTS

The factual allegations that form the basis of the claims in EPPs' complaint substantially parallel the facts alleged in the DPPs' complaint, and Amgen incorporates that discussion by reference herein.  The relevant facts for this motion are that the three plaintiffs, Teamsters Local 237 Welfare Fund, Teamsters Local 237 Retirees' Benefit Fund, and UFCW Local 1500 Welfare Fund, assert claims under the laws of Puerto Rico, District of Columbia, and all states except Indiana and Ohio.  However, those plaintiffs have alleged they "indirectly purchased, paid, or reimbursed for some or all of the purchase price for Sensipar and/or its AB-rated generic equivalents" only in Florida, New York, Pennsylvania, and Tennessee.  EPP Compl. ¶¶ 18–19.

EPPs' first two claims for relief—which, due to *Illinois Brick*'s prohibition on federal antitrust damages claims by indirect purchasers, seek only injunctive relief—allege that all defendants violated Sherman Act Section 1 and that Amgen engaged in monopolization under Sherman Act Section 2.  *Id.* ¶¶ 105-122.  EPPs' Third Claim for Relief alleges that all defendants participated in an antitrust conspiracy in violation of twenty-seven states' statutes, including New York and Tennessee (*id.* ¶ 129), while EPPs' Fourth Claim for Relief alleges monopolization against Amgen under the same statutes.  *Id.* ¶ 137.  EPPs' Fifth Claim for Relief alleges violations of three states' consumer protection statutes, including Florida.  *Id.* ¶¶ 139–58.  EPPs' Sixth Claim for Relief asserts unjust enrichment claims in fifty states and territories, including Florida, New York,

Pennsylvania, and Tennessee.  *Id.* ¶¶ 159–222.

## LEGAL STANDARD

To withstand a Rule 12(b)(1) motion to dismiss, a plaintiff must sufficiently allege the three elements of constitutional standing: an injury-in-fact, which is fairly traceable to the challenged conduct, and redressable by a favorable decision.  *In re Generic Pharm. Pricing Antitrust Litig.*, 368 F. Supp. 3d 814, 828 (E.D. Pa. 2019) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)).

To withstand a Rule 12(b)(6) motion, a complaint "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). In ruling on a plaintiff's state-law claims, federal courts follow the rulings of the respective state's highest appellate courts.  *See, e.g.*, *Johnson v. Fankell*, 520 U.S. 911, 916 (1997).  If a claim is not plausibly pled, dismissal is appropriate because "this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court."  *Twombly*, 550 U.S. at 558.

## ARGUMENT

### I.    Named Plaintiffs Lack Standing Except in the Four States of Alleged Injury.

One straightforward principle requires dismissal of almost all of the EPPs' state-law claims for lack of subject-matter jurisdiction:  "[A] plaintiff must demonstrate standing for each claim he seeks to press."  *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006).  In a class action, that means the named plaintiff, not an absent class member, must have standing for each claim.  *See, e.g.*, *Long v. Se. Pa. Transp. Auth.*, 903 F.3d 312, 325 (3d Cir. 2018) (affirming dismissal of claim under federal statute where named plaintiffs had not suffered injury despite allegation that unnamed class members had, because "any harm to unnamed class members cannot constitute injury in fact").  As the Supreme Court has explained, "That a suit may be a class action adds nothing to the question of standing, for even named plaintiffs who represent a class 'must allege and show that they personally

4

have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong.'" *Lewis v. Casey*, 518 U.S. 343, 357 (1996) (quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 40 n.20 (1976)) (ellipses omitted).

Here, named plaintiffs do not plead an injury in any state outside of the four in which they allege they paid for the products at issue (Florida, New York, Pennsylvania, and Tennessee). EPP Compl. ¶¶ 18–19. As a general matter, a plaintiff lacks standing to sue under a state law if that plaintiff neither resided in, nor was injured in, the state at issue. *See In re Wellbutrin XL Antitrust Litig.*, 260 F.R.D. 143, 152–53 (E.D. Pa. 2009). As the court explained in *Wellbutrin*, which was also an indirect purchaser class action, "a plaintiff whose injuries have no causal relation to Pennsylvania, or for whom the laws of Pennsylvania cannot provide redress, has no standing to assert a claim under Pennsylvania law, although it may have standing under the law of another state." *Id.* at 152.

Since the *Wellbutrin* decision, "district courts within the Third Circuit and throughout the nation have held that named plaintiffs in a class action 'lack standing to bring claims on behalf of putative classes under the laws of states where no named plaintiff is located and where no named plaintiff purchased the product at issue.'" *In re Insulin Pricing Litig.*, 2019 WL 643709, at *17 (D.N.J. Feb. 15, 2019) (quoting *In re Niaspan Antitrust Litig.*, 2015 WL 8150588, at *3 (E.D. Pa. Dec. 8, 2015)). In *In re Insulin*, the District of New Jersey correctly observed that a contrary holding would conflict with the Supreme Court's requirement in *DaimlerChrysler* that the plaintiff must have standing for each claim it seeks to press. *Id.* Moreover, the Court held that the "threshold standing determination may not be postponed to class certification" because, under Third Circuit precedent, "'class representatives must meet Article III standing requirements the moment a complaint is filed.'" *Id.* (quoting *Neale v. Volvo Cars of N. Am., LLC*, 794 F.3d 353, 367 (3d Cir.

2015)).   Other courts in this Circuit have agreed with *In re Insulin* and *Wellbutrin*.[2]

Courts outside this Circuit have come to the same conclusion.[3]  In *In re Capacitors Antitrust Litig.*, the Northern District of California emphasized that the "Supreme Court has been very clear that Article III standing is a threshold inquiry that must be undertaken at the outset of a case, before the Court proceeds any further."  154 F. Supp. 3d 918, 924 (N.D. Cal. 2015).  And "when measuring standing claim by claim, it is a named plaintiff who must possess the requisite standing; it is not sufficient that a putative class member may have standing to press one of the claims."  *Id*. at 925. Unless one of the named plaintiffs "ha[s] Article III standing for each of the state law antitrust and consumer protection claims alleged in the [indirect purchaser] complaint . . . the Court lacks jurisdiction over the claim and must dismiss it."  *Id*.  Because named plaintiffs here have standing in only four states, this Court should dismiss all claims arising under the laws of any other state.

Although some courts in decisions not binding on this Court have disagreed with *Wellbutrin* and similar authority, their decisions are not persuasive.  The Second Circuit, for example, relied on the assertion that "class action plaintiffs are not required to have individual standing to press any of the claims belonging to their unnamed class members."  *Langan v. Johnson & Johnson Consumer Cos.*, 897 F.3d 88, 95 (2d Cir. 2018).  This expressly conflicts with Supreme Court and Third Circuit precedent: "Standing requires that the party seeking to invoke federal jurisdiction 'demonstrate standing for each claim he seeks to press.'"  *Neale*, 794 F.3d at 359 (quoting *DaimlerChrysler*, 547 U.S. at 352).  The First Circuit has made a similarly erroneous conclusion in reliance on its decision

---

[2] *See Niaspan*, 2015 WL 8150588, at *3; *In re Ductile Iron Pipe Fittings Indirect Purchaser Antitrust Litig.*, 2013 WL 5503308, at *11–12 (D.N.J. Oct. 2, 2013); *In re Magnesium Oxide Antitrust Litig.*, 2011 WL 5008090, at *10 (D.N.J. Oct. 20, 2011); *In re Flonase Antitrust Litig.*, 692 F. Supp. 2d 524, 532–33 (E.D. Pa. 2010).

[3] *In re Packaged Ice Antitrust Litig.*, 779 F. Supp. 2d 642, 657 (E.D. Mich. 2011);  *In re Ditropan XL Antitrust Litig.*, 529 F. Supp. 2d 1098, 1107 (N.D. Cal. 2007).

to "train[] our Article III focus in class actions on 'the incentives of the named plaintiffs to adequately litigate issues of importance to them,'" despite acknowledging the well-accepted rule that "'in a class action suit with multiple claims, at least one named class representative must have standing with respect to each claim.'" *In re Asacol Antitrust Litig.*, 907 F.3d 42, 48–49 (1st Cir. 2018) (quoting 1 William B. Rubenstein, *Newberg on Class Actions* § 2:5 (5th ed. 2012); *see also Lewis*, 518 U.S. at 357.

Various district courts have deferred consideration of standing until the class certification stage based on a misreading of the Supreme Court's decision in *Amchem Products, Inc. v. Windsor*, in which the Supreme Court considered certification of a settlement class before considering the standing of *absent* class members because class certification was "logically antecedent" to the standing issue. 521 U.S. 591, 612 (1997); *see also Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 831 (1999) (same). Such courts have read "logically antecedent" to require only that deferring the consideration of standing would "make[] logical sense," *In re Zetia Antitrust Litig.*, 2019 WL 1397228, at *22 (E.D. Va. Feb. 6, 2019), *recommendation adopted in relevant part*, 2019 WL 3761680, at *10 (E.D. Va. Aug. 9, 2019), or be "efficient" (*Generic Pharm. Pricing*, 368 F. Supp. 3d at 831).

But those terms are not synonyms for the Supreme Court's requirement that the class certification issue be "logically antecedent." In *Amchem*, the reason that class certification was "logically antecedent" to issues of standing was that the standing of certain absent class members to recover was at issue. As a result, the standing issue would not be presented at all unless those putative class members were brought into the case by certification of a class. *See In re Suboxone Antitrust Litig.*, 64 F. Supp. 3d 665, 693 n.16 (E.D. Pa. 2014) (explaining "the Supreme Court had been asked to determine the standing of potential class members as opposed to the standing of the

named plaintiffs"); *Wellbutrin*, 260 F.R.D. at 154 ("The standing issue in *Ortiz* and *Amchem* related to proposed class members, i.e., persons who were not yet parties to the case.").  Here, the standing issue is the scope of the claims that named plaintiffs can bring and whether they can press claims on which they lack standing.  Class certification does not affect this issue.

Along with lacking legal support, a host of problems would arise if this Court deferred considering standing until class certification.  Named plaintiffs could, as EPPs do here, "bring a class action complaint under the laws of nearly every state in the Union without having to allege concrete, particularized injuries relating to those states, thereby dragging defendants into expensive nationwide class discovery, potentially without a good-faith basis." *In re Magnesium Oxide Antitrust Litig.*, 2011 WL 5008090, at *10 (D.N.J. Oct. 20, 2011).  This Court also would be deciding a motion to dismiss claims under the laws of states where there is no injury alleged, which would be an illegitimate advisory opinion. *See Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) ("[A] federal court has neither the power to render advisory opinions nor to decide questions that cannot affect the rights of litigants in the case before them.").  The better, and legally justified, route is to dismiss all of the claims under the states in which named plaintiffs did not pay for the products at issue.  Here, that is named plaintiffs' claims under the laws of all states and territories except for Florida, New York, Pennsylvania, and Tennessee.

## II.    Almost All of the Claims Named Plaintiffs Have Standing to Bring Have Fatal Flaws.

EPPs only have standing to assert claims under Florida, New York, Pennsylvania, and Tennessee law.  State-specific reasons require dismissal of almost all of named plaintiffs' claims under those states' laws.

### A.    New York and Tennessee Law Do Not Prohibit Unilateral Conduct.

EPPs' Fourth Claim for Relief, against Amgen alone, alleges Amgen committed illegal monopolization under N.Y. Gen. Bus. L. §§ 340, *et seq.*, and Tenn. Code Ann. §§ 47-25-101, *et seq.*

EPP Compl. ¶ 137.  These claims fail as a matter of law because those statutes prohibit only concerted conduct, not unilateral conduct.  *See, e.g.*, *In re EpiPen Mktg., Sales Practices & Antitrust Litig.*, 336 F. Supp. 3d 1256, 1313–14 (D. Kan. 2018) (dismissing, on that basis, monopolization claims under New York and Tennessee law).[4]

### B.   Unjust Enrichment Claims Seeking To Circumvent Statutory Prohibitions Warrant Dismissal.

EPPs' unjust enrichment claims rest entirely on the alleged anticompetitive conduct underlying EPPs' statutory claims.  In such circumstances, "the vast majority of courts have held that indirect purchasers may not bring state claims for unjust enrichment if they otherwise would be barred from bringing a claim under that state's antitrust and consumer-protection statutes."  *In re Niaspan Antitrust Litig.*, 42 F. Supp. 3d 735, 763 (E.D. Pa. 2014).[5]  "[A]llowing such restitution would undermine state legislative policies and an entire body of substantive law."  *In re Flonase Antitrust Litig.*, 692 F. Supp. 2d 524, 542 n.13 (E.D. Pa. 2010).

The Court should dismiss EPPs' unjust enrichment claims under Florida and Pennsylvania law because those states follow *Illinois Brick* and thus prohibit indirect purchasers from seeking antitrust damages.  "[A]llowing unjust enrichment claims premised on antitrust violations in these jurisdictions circumvents state policy against indirect purchaser antitrust actions."  *Zetia*, 2019 WL

---

[4] *See also Commonwealth Elec. Inspection Servs. v. Town of Clarence*, 776 N.Y.S.2d 687, 688–89 (N.Y. App. Div. 2004) (holding that N.Y. Gen. Bus. L. § 340 does not apply to unilateral actions); *Ditropan*, 529 F. Supp. 2d at 1109 (same as to Tennessee law).

[5] *See also Steamfitters Local Union No. 420 Welfare Fund v. Philip Morris, Inc.*, 171 F.3d 912, 937 (3d Cir. 1999) (affirming dismissal of unjust enrichment claims where dismissal of antitrust, RICO, and traditional tort claims also were affirmed on appeal); *In re Flonase Antitrust Litig.*, 692 F. Supp. 2d 524, 542 (E.D. Pa. 2010) ("[W]here an antitrust defendant's conduct cannot give rise to liability under state antitrust and consumer protection laws, [p]laintiffs should be prohibited from recovery under a claim for unjust enrichment."); *In re Novartis & Par Antitrust Litig.*, 2019 WL 3841711, at *6 (S.D.N.Y. Aug. 15, 2019) (holding indirect purchasers' unjust enrichment claims "amount[ed] to an attempt to circumvent *Illinois Brick*, which confined antitrust claims to direct purchasers, in the absence of a showing that such a recovery is allowed").

1397228, at *36, *recommendation adopted in relevant part*, 2019 WL 3761680, at *19.

### C.   Indirect Purchasers Cannot State an Unjust Enrichment Claim in Several States.

Florida, New York, and Pennsylvania law allow unjust enrichment claims only if the plaintiff provided a direct benefit to the defendant.[6]  The Court should thus dismiss those unjust enrichment claims because EPPs do not allege that they have conferred a direct benefit on Defendants.  In fact, their proposed class definition *excludes* those "who purchased Sensipar . . . directly from Defendants or their affiliates."  EPP Compl. ¶ 96(c).

### D.   Duplicative Unjust Enrichment Claims Should Be Dismissed.

To the extent the Court holds that EPPs have plausibly pled any statutory claim in a particular state, the Court should dismiss the unjust enrichment claim for that state because it is duplicative.  EPPs' Complaint asks the Court to interpret the unjust enrichment claims as "pleaded in the alternative," ¶ 160, but "where the unjust enrichment claim relies upon the same factual predicates as a plaintiff's legal causes of action," as here, "it is not a true alternative theory of relief but rather is duplicative of those legal causes of action."  *Licul v. Volkswagen Grp. of Am., Inc.*, 2013 WL 6328734, at *7 (S.D. Fla. Dec. 5, 2013).  Here, no circumstances exist in which Amgen's conduct could be permissible according to standards of conduct set forth by state legislative bodies,

---

[6] *See, e.g.*, *In re Packaged Seafood Prods. Antitrust Litig.*, 242 F. Supp. 3d 1033, 1090 (S.D. Cal. 2017) (holding that Florida Supreme Court "explicitly acknowledged 'that to prevail on an unjust enrichment claim, the plaintiff must directly confer a benefit to the defendant'" (quoting *Kopel v. Kopel*, 229 So. 3d 812, 818 (Fla. 2017))); *Fenerjian v. Nongshim Co.*, 72 F. Supp. 3d 1058, 1088–89 (N.D. Cal. 2014) (concluding that, although New York law does not require privity, relationships between indirect purchasers of products and defendants who allegedly fixed prices "was too attenuated for an unjust enrichment claim" (citing *Sperry v. Crompton Corp.*, 8 N.Y.3d 204, 215 (N.Y. 2007), and *New York ex rel. Spitzer v. Daicel Chem Indus., Ltd.*, 42 A.D.3d 301, 304 (N.Y. App. Div. 2007)); *Novartis*, 2019 WL 3841711, at *6 (surveying Pennsylvania precedent and holding that there is a "direct benefit requirement" (citing *Stutzle v. Rhone-Poulenc S.A.*, 2003 WL 22250424, at *1–2 (Pa. Ct. Com. Pl. Sept. 26, 2003))).

but wrongful under the unjust enrichment law of those same states.  This is often the case when indirect purchasers plead state antitrust claims and unjust claims, which is why courts dismiss such duplicative unjust enrichment claims.  *See, e.g.*, *In re Novartis & Par Antitrust Litig.*, 2019 WL 3841711, at *7 (S.D.N.Y. Aug. 15, 2019); *In re Ford Tailgate Litig.*, 2014 WL 1007066, at *5 (N.D. Cal. Mar. 12, 2014); *In re Apple & AT&T iPad Unlimited Data Plan Litig.*, 802 F. Supp. 2d 1070, 1077 (N.D. Cal. 2011).  Dismissing duplicative claims "serves an important function in streamlining the litigation proceedings of a complex case."  *Novartis*, 2019 WL 3841711, at *7.

*        *        *

In sum, there are state-specific reasons to dismiss all of the claims for which the named plaintiffs have standing except the consumer protection claim under Florida law and the antitrust conspiracy claims under New York and Tennessee law.

## III.    Many of EPPs' Claims for Which They Lack Standing Have Additional Fatal Flaws.

Although the Court lacks subject matter jurisdiction to address the merits of claims alleged under the laws of states in which the named plaintiffs lack standing, many of those claims also have fatal flaws on the merits.

### A.    Several States Allow Only Consumers, Not Third Party Payors, To Bring a Claim.

Three of the allegedly violated statutes limit statutory standing to consumers who pay for a product for their own use, as opposed to benefit plans (such as named plaintiffs) that pay for products that their plan participants use.  *See* EPP Compl. ¶¶ 18-19.

- ▪ Massachusetts (Mass. Gen. L. ch. 93A):  The alleged claim seek damages under Massachusetts law pursuant to Chapter 93A § 9, EPP Compl. ¶ 150, but § 9 does not apply here.  Plaintiffs that purchased products "in the conduct of any trade or commerce" can only bring a claim under § 11, which is fatal to the alleged claim because § 11 follows federal law's *Illinois Brick* ruling and thus prohibits suits by indirect purchasers. *See Winters v. Ocean Spray Cranberries, Inc.*, 296 F. Supp. 3d 311, 324–25 (D. Mass. 2017); *In re Asacol Antitrust Litig.*, 2016 WL 4083333, at *13 (D. Mass. July 20, 2016).

11

- ▪ Missouri (Mo. Rev. Stat. §§ 407.020, *et seq.*): The statute allegedly violated only allows claims for purchases "primarily for personal, family or household purposes." *Id.* § 407.025(1). This requires dismissal of claims by health care payors like the named plaintiffs. *See, e.g.*, *In re Express Scripts, Inc., Pharmacy Benefits Mgmt. Litig.*, 2006 WL 2632328, at *10 (E.D. Mo. Sept. 13, 2006); *Asacol*, 2016 WL 4083333, at *12.

- ▪ Vermont (Vt. Stat. Ann. tit. 9, §§ 2453, *et seq.*): The statute allegedly violated only allows claims for purchases "for his or her use or benefit or the use or benefit of a member of his or her household." *Id.* § 2451a(a). This requires dismissal of claims by health care payors like the named plaintiffs. *See, e.g.*, *In re Aggrenox Antitrust Litig.*, 2016 WL 4204478, at *9 (D. Conn. Aug. 9, 2016).

## B.     Only Citizens or Residents of Utah Can Bring a Claim Under that State's Law.

The Utah statute pursuant to which EPPs allege a claim provides that "[a] person who is a citizen of this state or a resident of this state . . . may bring an action[.]" Utah Code § 76-10-3109(1)(a). This is a question of "statutory standing," and "at least one named plaintiff must satisfy each requirement of statutory standing." *In re Niaspan Antitrust Litig.*, 42 F. Supp. 3d 735, 759–60 (E.D. Pa. 2014). As a result, courts dismiss Utah claims when no named plaintiff was a Utah citizen or resident. *Id.*; *Aggrenox*, 94 F. Supp. 3d at 251. Named plaintiffs do not allege they are citizens or residents of Utah. Their principal places of business are in New York. EPP Compl. ¶¶ 18–19. Accordingly, their claim under the Utah Antitrust Act should be dismissed.

## C.     Several States' Antitrust Laws Do Not Apply To Unilateral Conduct.

Just as under New York and Tennessee law, EPPs' Fourth Claim for Relief against Amgen for alleged monopolization does not state a claim under the following state statutes that prohibit only concerted conduct.

- ▪ California (Cal. Bus. & Prof. Code §§ 16700, *et seq.*): *Dimidowich v. Bell & Howell*, 803 F.2d 1473, 1478 (9th Cir. 1986) (California's Cartwright Act, "does not address *unilateral* conduct").

- ▪ Kansas (Kan. Stat. Ann. §§ 50-101, *et seq.*): *In re Relafen Antitrust Litig.*, 221 F.R.D. 260, 283 (D. Mass. 2004) (Kansas Monopolies and Unfair Trade Act "by its terms prohibits combinations and conspiracies only")

- ▪ Mississippi (Miss. Code Ann. §§ 75-21-1, *et seq.*): Section 75-21-9 provides a private

cause of action only for "person[s], natural or artificial, injured or damaged by a trust and combine," and § 75-21-1 defines "trust or combine" as "a combination, contract, understanding or agreement, expressed or implied, between two or more persons, corporations or firms or association of persons or between any one or more of either with one or more of the others."

### D.    Certain States' Statutes Prohibit Indirect Purchaser Class Actions.

Hawaii and Illinois' antitrust laws do not allow class action claims, and those limitations apply in federal court.  EPP Compl. ¶¶ 129(e)–(f), 137(e)–(f).

*Hawaii.*  Hawaii's antitrust statute only vests indirect purchasers with the right to bring a class action if, after notifying the attorney general, the attorney general decides not to pursue the case.  EPPs asserted a class action against Amgen apparently without notifying Hawaii's attorney general, which is grounds for dismissal.  *See, e.g.*, *In re Lipitor Antitrust Litig.*, 336 F. Supp. 3d 395, 415–16 (D.N.J. 2018) (dismissing Hawaii antitrust claim on this basis); *Asacol*, 2016 WL 4083333, at *14–15 (same).

Hawaii's restriction on indirect purchaser class actions applies in federal court.  *See Shady Grove Orthopedic Assocs. v. Allstate Ins. Co.*, 559 U.S. 393, 421–24 (2010) (Stevens, J. concurring). In *Shady Grove*, the Supreme Court considered a related question.  Third Circuit district courts have consistently treated Justice Stevens' concurrence as the controlling opinion.  *Lipitor*, 336 F. Supp. 3d at 415.[7]  In that opinion, Justice Stevens held that a state law, even if described as procedural, applies in federal court if it "'actually is part of a State's framework of substantive rights or remedies,'" meaning it is "'so bound up with the state-created right or remedy that it defines the scope of that substantive right or remedy.'"  *Id.* at 415 (quoting *Shady Grove*, 559 U.S. at 419–20).  According to Justice Stevens, New York's ban on class actions for claims with statutory penalties did not "define[]

---

[7] *See also Davis v. Ace Hardware Corp.*, 2014 WL 688132, at *15 (D. Del. Feb. 21, 2014), *recommendation adopted*, 2014 WL 1457852 (D. Del. Apr. 11, 2014); *In re Wellbutrin XL Antitrust Litig.*, 756 F. Supp. 2d 670, 674–75 (E.D. Pa. 2010) (same).

the scope" of a state right or remedy because (i) the ban applied to all claims for statutory penalties under any federal law or any state's law, not just New York law; and (ii) the legislative history did not clearly show that New York enacted the ban to limit the damages a plaintiff could receive, since the intent could simply have been a "procedural calibration" to not allow class actions when it was sufficiently easy for plaintiffs to recover the statutorily defined penalty individually. *Shady Grove*, 559 U.S. at 432–35.

Hawaii's statute, in contrast, makes clear that the restriction on class actions "defines the scope" of indirect purchasers' rights and remedies under Hawaii antitrust law.  Chapter 480 of Hawaii's statutes authorizes antitrust actions and authorizes indirect purchasers to bring antitrust actions, but in the same chapter prohibits indirect purchasers from pursuing a class action unless the Hawaii attorney general's office declines to pursue the case itself.  Haw. Rev. Stat. §§ 480-2, -4, -9, -13, -13.3(a) (2017).  If the attorney general decides to pursue the case, its office takes over the case and the indirect purchaser's complaint "shall be dismissed." *Id.* § 13.3(a)(5).  Hawaii's restriction on class actions applies only to private indirect purchaser antitrust claims, not to any other claim under any other law, which distinguishes Hawaii's restriction from that at issue in *Shady Grove*. Moreover, the statute itself recognizes that it "limits the rights" of indirect purchasers by clarifying that the restriction "shall not limit the rights of consumers to bring class actions against any person based on unfair or deceptive acts or practices." *Id.* § 480-13.3(b).

Several states have applied Hawaii's restriction in federal court. *See, e.g.*, *Lipitor*, 336 F. Supp. 3d at 415–16; *Asacol*, 2016 WL 4083333, at *14–15.  Those that have declined to do so misunderstood the restriction.  Some courts have mistakenly adopted the view that the statute did not "create a substantive right to recovery that only 'vests' after some action or inaction of the state attorney general." *Aggrenox*, 94 F. Supp. 3d at 254. But that is exactly what the statute does by

14

forbidding plaintiffs from serving the complaint on the defendant, and thus starting the lawsuit, unless the attorney general declines to pursue the case. *See* Haw. Rev. Stat. § 480-13.3(a). Other courts have lumped Hawaii's restriction in with other state statutes that require notice to the attorney general, such as Arizona and Nevada. *See, e.g.*, *Generic Pharm. Pricing*, 368 F. Supp. 3d at 834–35. Arizona and Nevada's statutes are distinguishable because the notice, while required, has no practical effect. *See* Ariz. Rev. Stat. § 44-1415(A); Nev. Rev. Stat. Ann. § 598A.210(3). Hawaii's statute, on the other hand, requires notice because an indirect purchaser has no right to pursue a class action unless the attorney general declines to do so. *See* Haw. Rev. Stat. § 480-13.3(a). Because the literal and practical effect of Hawaii's restriction defines the rights and remedies of indirect purchasers, it applies in federal court.

*Illinois.* Illinois forbids any private indirect purchaser antitrust class actions. The Illinois Antitrust Act provides that "no person shall be authorized to maintain a class action in any court of this State for indirect purchasers asserting claims under this Act, with the sole exception of this State's Attorney General." 740 Ill. Comp. Stat. 10/7(2).

Illinois's prohibition on indirect purchaser antitrust class actions applies in federal court despite *Shady Grove* for reasons similar to Hawaii's restriction on class actions. As one Third Circuit district court explained, "(1) the restrictions apply only to the IAA, (2) they are incorporated in the same statutory provision as the underlying right, not a separate procedural rule, and (3) the restrictions appear to reflect a policy judgment about managing the danger of duplicative recoveries." *In re Wellbutrin XL Antitrust Litig.*, 756 F. Supp. 2d 670, 677 (E.D. Pa. 2010). Numerous courts have agreed and dismissed indirect purchasers' class action claims. *See, e.g.*, *Generic Pharm. Pricing*, 368 F. Supp. 3d at 833–34; *Flonase*, 692 F. Supp. 2d at 539; *Lipitor*, 336 F. Supp. 3d at 417–18.

### E.   Plaintiffs Cannot Bring a Claim In States That Require Intrastate Misconduct.

Certain states' antitrust statutes apply only to conduct that occurs in that state.

- Mississippi (Miss. Code Ann. §§ 75-21-1, *et seq.*):  *Standard Oil Co. of Ky. v. State*, 65 So. 468, 471 (Miss. 1914) (defining the state's antitrust statute to apply only if the antitrust conspiracy was "accomplished in part at least by transactions which are also wholly intrastate"); *California v. Infineon Techs. AG*, 531 F. Supp. 2d 1124, 1159 (N.D. Cal. 2007) (dismissing claim on this basis).

- Nevada (Nev. Rev. Stat. Ann. §§ 598A, *et seq.*):  Nev. Rev. Stat. 598A.060(1) ("Every activity enumerated in this subsection constitutes a contract, combination or conspiracy in restraint of trade, and *it is unlawful to conduct any part of any such activity in this state*[.]" (emphasis added)).

- South Dakota (S.D. Codified Laws §§ 37-1, *et seq.*):  S.D.C.L. § 37-1-3.1 ("*A contract, combination, or conspiracy between two or more persons* in restraint of trade or commerce *any part of which is within this state is unlawful*." (emphases added)).

- West Virginia (W. Va. Code §§ 47-18-3, *et seq.*):  W. Va. Code § 47-18-3(a) (prohibiting "[e]very contract, combination in the form of trust or otherwise, or conspiracy in restraint of trade or commerce *in this State*." (emphasis added)); *Kessel v. Monongalia Cty. Gen. Hosp. Co.*, 648 S.E.2d 366, 375 (W. Va. 2007) ("The primary distinction between W. Va. Code § 47–18–3(a) and Section 1 of the Sherman Act is that the West Virginia statute applies to contracts and conspiracies in restraint of trade 'in this State[.]'").

EPPs have not alleged that any alleged misconduct occurred in these states, which requires dismissal.  *See, e.g.*, *In re Cast Iron Soil Pipe & Fittings Antitrust Litig.*, 2015 WL 5166014, at *24–26 (E.D. Tenn. June 24, 2015) (dismissing, on this basis claims under Mississippi, Nevada, South Dakota, and West Virginia law).  The courts that have declined to dismiss claims on this basis improperly broaden the scope of state antitrust law without license by the text of the statute or the state appellate courts.  *See, e.g.*, *In re Remicade Antitrust Litig.*, 345 F. Supp. 3d 566, 586–87 (E.D. Pa. 2018).

### F.   Plaintiffs Allege Invalid Claims Under California Law.

Plaintiffs allege two California claims that are invalid:  a standalone claim for unjust enrichment and a claim for damages under the Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, *et seq.* ("UCL")).  EPP Compl. ¶¶ 129(b), 130, 137(b), 138, 177.  Unjust enrichment is only a

theory of recovery under California law, not a standalone claim, and thus courts consistently dismiss California unjust enrichment claims.  *See, e.g.*, *In re Lidoderm Antitrust Litig.*, 103 F. Supp. 3d 1155, 1176 (N.D. Cal. 2015); *Niaspan*, 42 F. Supp. 3d at 766–67.  Plaintiffs' UCL claim is invalid, and should be dismissed, because it seeks damages when the UCL allows only equitable relief.  *See Somers v. Apple, Inc.*, 729 F.3d 953, 962, n.4 (9th Cir. 2013) (citing *Korea Supply Co. v. Lockheed Martin Corp.*, 63 P.3d 937, 943 (Cal. 2003)); *see also Zetia*, 2019 WL 1397228, at *27 (dismissing claim on this basis), *recommendation adopted in relevant part*, 2019 WL 3761680, at *12.

### G. Unjust Enrichment Claims That Circumvent Statutory Prohibitions Warrant Dismissal.

As explained above, *supra* § II.C, unjust enrichment claims should be dismissed when brought under the laws of states with statutes that address anticompetitive conduct but prohibit certain types of indirect purchasers from recovering damages or filing class actions.  On this basis, the alleged unjust enrichment claims under the twenty-five states and territories that follow *Illinois Brick* should be dismissed.[8]  Also on this basis, unjust enrichment claims are unavailable in states whose legislatures crafted antitrust statutes in such a way that a particular plaintiff would be unable to assert its claim under the statute.  As explained above, the named plaintiffs cannot bring claims under the statutes of Massachusetts, Missouri, and Vermont, and cannot bring class actions under the statutes of Hawaii and Illinois.  This Court should not assume, without controlling precedent from a particular state, that a state's common law claim of unjust enrichment allows the very claim that its state legislature prohibited.

---

[8] The states that prohibit indirect purchasers from bringing claims for damages are at least the following twenty-five:  Alabama, Alaska, Arkansas, Colorado, Connecticut, Delaware, Florida, Georgia, Idaho, Illinois, Kentucky, Louisiana, Maryland, Massachusetts, Missouri, Montana, New Jersey, Oklahoma, Pennsylvania, Puerto Rico, South Carolina, Texas, Virginia, Washington, and Wyoming.  *Novartis*, 2019 WL 3841711, at *6; *Lidoderm*, 103 F. Supp. 3d at 1175.

### H.  Indirect Purchasers Cannot State an Unjust Enrichment Claim in Several States.

Like Florida, New York, and Pennsylvania, *see supra* § II.D, the following states' laws

preclude indirect purchasers from stating claims for unjust enrichment because they require a

plaintiff to have provided a direct benefit to the defendant.

- Alabama:  *Cole v. NIBCO, Inc.*, 2015 WL 2414740, at *14 (D.N.J. May 20, 2015) (dismissing unjust enrichment claims under Alabama law because "a direct relationship between Plaintiffs and Defendants do[es] not exist[] because Plaintiffs did not directly purchase the [products] from Defendant"); *Danny Lynn Elec. & Plumbing, LLC v. Veolia ES Solid Waste Se., Inc.*, 2011 WL 2893629, at *6 (M.D. Ala. July 19, 2011) ("[T]he plaintiffs' unjust-enrichment claim should be dismissed as to the individual defendants because the plaintiffs did not confer a direct benefit on those individuals. . . . [T]here was no money paid *by* the plaintiffs *to* the named individuals.").

- Georgia:  *Archer v. Holmes*, 2018 WL 534475, at *5 & n.36 (N.D. Ga. Jan. 23, 2018) ("[I]n Georgia, unjust enrichment claims lie only in those situations where a defendant has received a direct benefit from a plaintiff."); *Parm v. Nat'l Bank of Cal., N.A.*, 242 F. Supp. 3d 1321, 1334 (N.D. Ga. 2017) (collecting cases holding that, under Georgia law, courts "have required that a plaintiff confer a benefit directly to the defendant" to assert an unjust enrichment claim).

- Idaho:  *Zetia*, 2019 WL 1397228, at *36 ("Because the EPPs as a class did not deal directly with any Defendant, they may not advance an 'indirect' unjust enrichment theory." (citing *Lincoln Land Co. v. LP Broadband, Inc.*, 408 P.3d 465 (Idaho 2017))), *recommendation adopted in relevant part*, 2019 WL 3761680, at *19.

- Kansas:  *In re Aftermarket Filters Antitrust Litig.*, 2010 WL 1416259, at *2–3 (N.D. Ill. Apr. 1, 2010) (Kansas law has a direct benefit requirement, and dismissing indirect purchasers' claim because any benefit provided "would be on others in the chain of distribution from whom they purchased, not on defendants").

- Kentucky:  *Pixler v. Huff*, 2011 WL 5597327, at *11 (W.D. Ky. Nov. 17, 2011) (collecting cases holding that courts applying Kentucky law have "consistently . . . not only require[d] a benefit be conferred upon the defendant, but also that the plaintiff be the party conferring that benefit").

- Maine: *Novartis*, 2019 WL 3841711, at *6–7 (Maine law has a direct benefit requirement (citing *Rivers v. Amato*, 2001 WL 1736498, at *4 (Me. Super. Ct. June 22, 2001))).

- Michigan:  *In re Gen. Motors LLC Ignition Switch Litig.*, 257 F. Supp. 3d 372, 427 (S.D.N.Y. 2017) ("Michigan courts only employ the doctrine of unjust enrichment in cases where the defendant directly receive[d] a benefit from the plaintiff." (internal quotations and citations omitted)); *A & M Supply Co. v. Microsoft Corp.*, 2008 WL

540883, at *2 (Mich. Ct. App. Feb. 28, 2008) (unjust enrichment claim "not viable" where plaintiffs cannot show that "[defendant] received any direct payment or other benefit from [indirect] purchasers").

- <u>New Jersey</u>:  *Block v. Jaguar Land Rover N. Am., LLC*, 2016 WL 3032682, at *4 (D.N.J. May 26, 2016) ("New Jersey law requires a claim for unjust enrichment to allege a direct relationship between the conferrer of a benefit and the recipient.").

- <u>North Carolina</u>:  *Flonase*, 692 F. Supp. 2d at 545 & n.15 (dismissing indirect purchaser unjust enrichment claim because North Carolina law requires "a plaintiff to establish that it directly conferred a benefit on the defendant" (citing *Effler v. Pyles*, 380 S.E.2d 149, 152 (N.C. Ct. App. 1989))).

- <u>North Dakota</u>:  *Apache Corp. v. MDU Res. Grp., Inc.*, 603 N.W.2d 891, 895 (N.D. 1999) (To support a claim of unjust enrichment, North Dakota law requires that the defendant "obtained a benefit at the direct expense of the [complainant]."); *In re DDAVP Indirect Purchaser Antitrust Litig.*, 903 F. Supp. 2d 198, 235 (S.D.N.Y. 2012) ("Courts interpreting North Dakota unjust enrichment law have focused on the 'direct expense' language in *Apache* in holding that indirect purchasers cannot sustain a claim for unjust enrichment.").

- <u>Rhode Island</u>:  *Novartis*, 2019 WL 3841711, at *6–7 (holding that Maine law has a direct benefit requirement (citing *J.P. Morgan Chase Bank, N.A. v. Leigh*, 2011 WL 4351584, at *2 (D.R.I. Aug. 23, 2011), *recommendation adopted*, 2011 WL 4351561 (D.R.I. Sept. 15, 2011))).

**I.      Duplicative Unjust Enrichment Claims Should Be Dismissed.**

As explained above, *supra* § II.E, to the extent the Court holds that EPPs have plausibly pled any statutory claim in a particular state, the Court should dismiss the unjust enrichment claim for that state because it is duplicative.  The grounds for dismissal on this basis are particularly strong for the Hawaii and Massachusetts unjust enrichment claims because those states' common law has expressly held that an unjust enrichment claim is unavailable if there is an remedy at law covering the same theory of the claim, even if such a claim under statutory or common law lacked merit.  *See, e.g.*, *In re Chocolate Confectionary Antitrust Litig.*, 749 F. Supp. 2d 224, 237 (M.D. Pa. 2010) ("Under Hawaii law, '[t]he absence of an adequate remedy at law . . . is the "necessary prerequisite" to maintaining equitable claims.'" (quoting *AAA Haw., LLC v. Haw. Ins. Consultants, Ltd.*, 2008 WL 4907976, at *3 (D. Haw. Nov. 12, 2008))); *Gen. Motors LLC Ignition Switch Litig.*, 257 F. Supp. 3d

19

at 419 (explaining that a claim for unjust enrichment is barred "where an adequate remedy at law exists—*regardless of the viability* of that theory or whether it sounds in contract, fraud, or tort" (emphasis added)).

## CONCLUSION

EPPs' Complaint should be dismissed in its entirety for the reasons explained in Amgen's Brief in Support of its Motion to Dismiss Direct Purchaser Plaintiffs' Consolidated Complaint. In addition, EPPs' lack of standing and failure to state a claim requires dismissal of EPPs' claims under the laws of all states and territories except the consumer protection claim under Florida law and the antitrust conspiracy claims under New York and Tennessee law.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Brian P. Egan*

OF COUNSEL:

M. Sean Royall
Ashley E. Johnson
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue
Suite 2100
Dallas, TX 75201
(214) 571-2900

Eric J. Stock
Kate Dominguez
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
(212) 351-4000

October 15, 2019

Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
began@mnat.com

*Attorneys for Defendant Amgen Inc.*