IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: SENSIPAR (CINACALCET HYDROCHLORIDE TABLETS) ANTITRUST LITIGATION | MDL No. 19-2895 (LPS) |
| THIS DOCUMENT RELATES TO: ALL INDIRECT PURCHASER ACTIONS | C.A. No. 19-369 (LPS) C.A. No. 19-1461 (LPS) |

**AMGEN INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS
END PAYOR PLAINTIFFS' CONSOLIDATED COMPLAINT**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
began@mnat.com

*Attorneys for Defendant Amgen, Inc.*

OF COUNSEL

Eric J. Stock
Nathan Strauss
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY  10166-0193
(212) 351-4000

Ashley E. Johnson
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue
Suite 2100
Dallas, TX  75201
(214) 698-3100

January 10, 2020

# TABLE OF CONTENTS

Page

INTRODUCTION ........................................................................................................ 1

ARGUMENT .............................................................................................................. 1

I.    Named Plaintiffs Lack Standing Except in the Four States of Alleged Injury .................. 1

II.   Many of the Claims That Are Not Barred for Lack of Standing Have Fatal Flaws ........... 4

     A.   Monopolization Claims Against Unilateral Conduct Should Be Dismissed .............. 4

     B.   Unjust Enrichment Claims That Circumvent Statutory Prohibitions......................... 5

     C.   EPPs Lack a Sufficiently Direct Relationship for Unjust Enrichment Claims ........... 5

     D.   Duplicative Unjust Enrichment Claims Should Be Dismissed ................................. 6

III.  Many of EPPs' Claims For Which They Lack Standing Have Additional Fatal Flaws ................................................................................................................. 6

     A.   Three States Only Allow Claims by Consumers, Not Third-Party Payors ................ 6

     B.   Only Citizens or Residents of Utah Can Bring a Claim Under Utah Law ................. 7

     C.   Certain Claims for Unilateral Monopolization Should Be Dismissed ...................... 7

     D.   Certain States' Statutes Prohibit Indirect Purchaser Class Actions Here ................... 8

     E.   Plaintiffs Cannot Bring a Claim in States That Require Intrastate Misconduct ......... 8

     F.   Plaintiffs Allege Invalid Claims Under California Law ........................................... 9

     G.   Unjust Enrichment Claims That Circumvent Statutory Prohibitions......................... 9

     H.   EPPs Lack a Sufficiently Direct Relationship for Unjust Enrichment Claims ........... 9

     I.   Duplicative Unjust Enrichment Claims Should Be Dismissed................................ 10

CONCLUSION ......................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*A & M Supply Co. v. Microsoft Corp.*,
2008 WL 540883 (Mich. Ct. App. Feb. 28, 2008).................................................................10

*In re Aggrenox Antitrust Litig.*,
2016 WL 4204478 (D. Conn. Aug. 9, 2016) ...........................................................................7

*Amchem Products, Inc. v. Windsor*,
521 U.S. 591 (1997).................................................................................................................4

*Apache Corp. v. MDU Res. Grp., Inc.*,
603 N.W.2d 891 (N.D. 1999) ................................................................................................10

*Bandy v. Gibson*,
2017 WL 3207068 (N.C. Super. Ct. July 26, 2017) ..............................................................10

*Block v. Jaguar Land Rover N. Am., LLC*,
2016 WL 3032682 (D.N.J. May 26, 2016).............................................................................10

*Bolinger v. FMLS, Inc.*,
838 F. Supp. 2d 1340 (N.D. Ga. 2012) ...................................................................................9

*In re Cast Iron Soil Pipe & Fittings Antitrust Litig.*,
2015 WL 5166014 (E.D. Tenn. June 24, 2015).......................................................................9

*Chartis Ins. Co. of Can. v. Freeman*,
2013 WL 12121864 (S.D. Ga. Mar. 18, 2013) ........................................................................9

*Commonwealth v. TAP Pharm. Prods., Inc.*,
885 A.2d 1127 (Pa. Commw. Ct. 2005) ..................................................................................6

*Cottrell v. Alcon Labs.*,
874 F.3d 154 (3d Cir. 2017).....................................................................................................2

*Cox v. Microsoft Corp.*,
778 N.Y.S.2d 147 (N.Y. App. Div. 2004) ...............................................................................6

*DaimlerChrysler Corp. v. Cuno*,
547 U.S. 332 (2006).................................................................................................................1

*Davis v. Ace Hardware Corp.*,
2014 WL 688132 (D. Del. Feb. 21, 2014) ..............................................................................8

*Duquesne Light Co. v. EPA*,
   166 F.3d 609 (3d Cir. 1999)..............................................................................3

*In re Flonase Antitrust Litig.*,
   692 F. Supp. 2d 524 (E.D. Pa. 2010) ................................................................5

*Frullo v. Landenberger*,
   814 N.E.2d 1105 (Mass. App. Ct. 2004) ..........................................................6

*FTC v. Mylan Labs., Inc.*,
   62 F. Supp. 2d 25 (D.D.C. July 7, 1999) ..........................................................7

*Harris v. Blueray Techs. S'holders, Inc.*,
   669 F. Supp. 2d 1225 (E.D. Wash. 2009) .........................................................3

*In re Intel Corp. Microprocessor Antitrust Litig.*,
   496 F. Supp. 2d 404 (D. Del. 2007)..................................................................9

*J.P. Morgan Chase Bank, N.A. v. Leigh*,
   2011 WL 4351584 (D.R.I. Aug. 23, 2011).....................................................10

*Jewett v. Boihem*,
   23 So. 3d 658 (Ala. 2009) ................................................................................9

*Lewis v. Jones*,
   2018 WL 5043773 (E.D. Ky. Oct. 17, 2018)..................................................10

*In re Liquid Aluminum Sulfate Antitrust Litig.*,
   2017 WL 3131977 (D.N.J. July 20, 2017)........................................................4

*In re Loestrin 24 FE Antitrust Litig.*,
   2019 WL 5406077 (D.R.I. Oct. 17, 2019) ....................................................6, 7

*Long v. Se. Pa. Transp. Auth.*,
   903 F.3d 312 (3d Cir. 2018)..............................................................................2

*Neale v. Volvo Cars of N. Am., LLC*,
   794 F.3d 353 (3d Cir. 2015).........................................................................1, 2

*In re Niaspan Antitrust Litig.*,
   42 F. Supp. 3d 735 (E.D. Pa. 2014) ..................................................................5

*In re Packaged Seafood Prod. Antitrust Litig.*,
   242 F. Supp. 3d 1033 (S.D. Cal. 2017)............................................................3

*Peterson v. Midland Nat'l Bank*,
   747 P.2d 159 (Kan. 1987) ..............................................................................10

*In re Pharm. Indus. Average Wholesale Price Litig.*,
    491 F. Supp. 2d 20 (D. Mass. 2007) ......................................................7

*Rivers v. Amato*,
    2001 WL 1736498 (Me. Super. Ct. 2001) ............................................10

*Sec. Benefit Life Ins. Corp. v. Fleming Cos.*,
    908 P.2d 1315 (Kan. Ct. App. 1995) ....................................................10

*Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*,
    559 U.S. 393 (2010) ...............................................................................8

*Shirokov v. Dunlap, Grubb & Weaver, PLLC*,
    2012 WL 1065578 (D. Mass. Mar. 27, 2012) .......................................7

*Steel Co. v. Citizens for a Better Env't*,
    523 U.S. 83 (1988) ............................................................................2, 3

*Stevenson v. Windermere Real Estate/Capital Grp., Inc.*,
    275 P.3d 839 (Idaho 2012) ....................................................................9

*In re Terazosin Hydrochloride Antitrust Litig.*,
    2002 WL 35651679 (S.D. Fla. Sept. 12, 2002) ....................................3

*In re Thalomid & Revlimid Antitrust Litig.*,
    2015 WL 9589217 (D.N.J. Oct. 29, 2015)............................................2

*Walco Power Servs. v. Maplehurst Farm, Inc.*,
    1987 WL 859455 (R.I. Super. Ct. Sept. 3, 1987) ................................10

*Warth v. Seldin*,
    422 U.S. 490 (1975)................................................................................4

*In re Wellbutrin XL Antitrust Litig.*,
    260 F.R.D. 143 (E.D. Pa. 2009)............................................................3

*Winer Family Trust v. Queen*,
    503 F.3d 319 (3d Cir. 2007)...................................................................4

## INTRODUCTION

Three organizations that paid for generic or branded Sensipar in only four states are asserting claims for monetary relief in fifty states and territories on behalf of a class of end payor plaintiffs ("EPPs"). But binding precedent establishes that standing for a putative class is a threshold issue that must be determined claim-by-claim and exists only where a *named* plaintiff has standing. The authority on which EPPs rely disregards these binding propositions. Accordingly, while every claim in the EPPs' complaint warrants dismissal for the same reasons that the claims brought by the direct purchaser plaintiffs ("DPPs") fail, the majority of the EPPs' claims *also* fail because the named plaintiffs lack standing to bring them. Moreover, nearly all of EPPs' state-law claims fail for additional reasons as well.

## ARGUMENT

### I.    Named Plaintiffs Lack Standing Except in the Four States of Alleged Injury

In an attempt to save their claims under the laws of states in which named plaintiffs do not allege injury, EPPs argue (1) that alleging Article III standing in one state is sufficient to bring a claim in *any other state*; and (2) that this Court should defer its standing decision until the class certification stage. Yet EPPs fail to confront Amgen's arguments head-on or the reasoning of the precedent on which Amgen relies. Accordingly, their arguments should be rejected.

1.    EPPs first contend that because the named plaintiffs have pled Article III standing for *some* claims—specifically, the claims based on purchases in states where the named plaintiffs reside or reimbursed payments—the named plaintiffs have necessarily pled Article III standing for *all* claims. Opp. at 3. But Supreme Court and Third Circuit precedent makes clear that "[s]tanding requires that the party seeking to invoke federal jurisdiction 'demonstrate standing for *each claim* he seeks to press.'" *Neale v. Volvo Cars of N. Am., LLC*, 794 F.3d 353, 359 (3d Cir. 2015) (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006)) (emphasis added). EPPs observe that *Neale* did not require "'individual standing of all class members'" (Opp. at 4 (quoting *Neale*, 794 F.3d at 364–65)), but

1

Amgen's argument is not that *all* class members must have standing.  Instead, Amgen argues that standing exists only where "*at least one* named plaintiff has standing," which is precisely what *Neale* holds.  *Neale*, 794 F.3d at 359, 364 (emphasis added).[1]  The Third Circuit has agreed by dismissing a claim where absent class members allegedly had standing but named plaintiffs did not.  *See Long v. Se. Pa. Transp. Auth.*, 903 F.3d 312, 325 (3d Cir. 2018).

EPPs attempt an end run around *DaimlerChrysler* by arguing that a named plaintiff need not have standing to assert claims held by absent class members because "a plaintiff's ability to represent the claims held by absent class members is not 'an Article III jurisdictional issue.'"  Opp. at 3–4.  The cases EPPs cite misinterpret a footnote in *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 97 n.2 (1988). The footnote, which addressed Justice Stevens's disagreement with the proposition that courts may not "determine whether a cause of action exist[s] before determining that the plaintiff ha[s] Article III standing," observed that whether a plaintiff has suffered an Article III *injury* "has nothing to do with the text of the statute relied upon."  *Id.* at 96–97 & n.2.  That footnote does not affect Amgen's argument. That the analysis of named plaintiffs' Article III standing is *different* from analyzing the merits of a claim does not mean that "plaintiffs' standing to pursue state law claims on behalf of absent class members is not an Article III jurisdictional issue."  *E.g.*, *In re Thalomid & Revlimid Antitrust Litig.*, 2015 WL 9589217, at *19 (D.N.J. Oct. 29, 2015).  That would conflict with *DaimlerChrysler* and Third Circuit decisions describing it—a problem not addressed by courts that have misinterpreted the *Steel Co.* footnote.

Moreover, EPPs' argument erroneously equates injury-in-fact with standing, ignoring that

---

[1] EPPs make a similar observation about *Cottrell v. Alcon Labs.*, which holds that "[i]n the context of class actions, *Article III standing is determined vis-à-vis the named parties.*"  Opp. at 3 (quoting *Cottrell*, 874 F.3d 154, 162 n.5 (3d Cir. 2017)).  That is the very proposition Amgen relies on; *i.e.*, it is the standing of the named plaintiffs, not other parties not before the Court, that matters.

standing also requires causation and redressability. Redressability definitely does depend on "the text of the statute." *See Harris v. Blueray Techs. S'holders, Inc.*, 669 F. Supp. 2d 1225, 1229–30 (E.D. Wash. 2009) ("An injury is not redressable if the statute upon which the plaintiff is relying for a remedy does not provide the specific relief he is seeking."). In *Steel Co.* itself, the plaintiff lacked standing because *the statute* did not provide redress of the injury. *See* 523 U.S. at 106–07 (no redressability because statute authorized penalty payable to the U.S. Treasury rather than to plaintiff); *see also Duquesne Light Co. v. EPA*, 166 F.3d 609, 613 (3d Cir. 1999).

Here, the named plaintiffs lack Article III standing to bring claims under the laws of the states in which they made no purchases because, in those states, the named plaintiffs suffered no injury-in-fact and thus there is no causal relationship between the injury and the state, and the state law offers no redress. *See, e.g., In re Wellbutrin XL Antitrust Litig.*, 260 F.R.D. 143, 152–53 (E.D. Pa. 2009) ("For example, a plaintiff whose injuries have no causal relation to Pennsylvania, or for whom the laws of Pennsylvania cannot provide redress, has no standing to assert a claim under Pennsylvania law, although it may have standing under the law of another state.").[2] Named plaintiffs have not argued that the laws of a state in which they did not make purchases could provide them redress, and thus they have not satisfied their burden to establish standing for each claim they seek to press, as numerous courts have held. Br. at 5–6 (collecting cases).

2. EPPs also rely on cases that assumed a redressable injury was required in each state but deferred deciding standing until class certification because, at that point, plaintiffs could be identified in

---

[2] *See also In re Packaged Seafood Prod. Antitrust Litig.*, 242 F. Supp. 3d 1033, 1096 (S.D. Cal. 2017) ("[R]ecovery by a named North Carolina Plaintiff and corresponding putative North Carolina class will in no way redress the alleged injury to a named New York Plaintiff and corresponding putative New York class."); *In re Terazosin Hydrochloride Antitrust Litig.*, 2002 WL 35651679, at *3 (S.D. Fla. Sept. 12, 2002) ("Plaintiffs must allege that at least one named Plaintiff suffered a legally redressable injury for each state.").

other states and they could provide the necessary standing.  *See* Opp. 3–4 & n.4 (citing cases such as *In re Liquid Aluminum Sulfate Antitrust Litig.*, 2017 WL 3131977, at \*19 (D.N.J. July 20, 2017)).  These cases misread *Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997), as Amgen's opening brief warned, yet EPPs do not provide *any* analysis why Amgen's straightforward reading of *Amchem* is incorrect.

As explained in Amgen's opening brief, standing "is the threshold question in every federal case." *Warth v. Seldin*, 422 U.S. 490, 498 (1975).  In class actions, "[t]he initial inquiry . . . is whether the lead plaintiff individually has standing, not whether or not other class members have standing." *Winer Family Trust v. Queen*, 503 F.3d 319, 326 (3d Cir. 2007).  *Amchem* recognized a *narrow* circumstance in which a certain standing issue *not presented here* could be deferred until the class certification stage.  *Amchem* held that class certification was "logically antecedent" to determining the standing of *absent class members*, which made sense because absent class members are not part of a case unless a class is certified.  521 U.S. at 612.  *Amchem* was not addressing the threshold issue—the standing of *named plaintiffs*.  *See* Br. at 7–8 (collecting cases).  EPPs do not respond to this reading of *Amchem*, instead continuing to cite cases that misinterpreted "logically antecedent" as simply "efficient" or "makes logical sense."  Opp. at 3–4.

In sum, EPPs are asking the Court to either (i) ignore the standing requirements imposed by *DaimlerChrysler* and *Neale*, or (ii) assume there is Article III standing rather than making that "threshold" determination.  The Court should reject both attempts to erode Article III standing and dismiss EPPs' claims in states in which named plaintiffs made no purchases or reimbursements.

## II.  Many of the Claims That Are Not Barred for Lack of Standing Have Fatal Flaws

### A.  Monopolization Claims Against Unilateral Conduct Should Be Dismissed

EPPs do not contest that neither New York nor Tennessee law permits a claim for unilateral conduct.  Opp. at 6.  Although EPPs assert that they have alleged concerted action, the Complaint alleges

4

a "monopolization and monopolistic scheme," and refers repeatedly to "Amgen's scheme" rather than to concerted action. Compl. ¶¶ 132–36. The Complaint should be dismissed to the extent it alleges a unilateral monopolization claim under New York or Tennessee law.

### B.     Unjust Enrichment Claims That Circumvent Statutory Prohibitions

EPPs do not dispute that "the vast majority of courts have held that indirect purchasers may not bring state claims for unjust enrichment if they otherwise would be barred from bringing a claim under that state's antitrust and consumer-protection statutes." *In re Niaspan Antitrust Litig.*, 42 F. Supp. 3d 735, 763 (E.D. Pa. 2014); *see also* Br. at 9 (collecting cases). The Court should thus dismiss the Florida and Pennsylvania unjust enrichment claims. EPPs' distinction between an equitable claim and a statutory claim (*see* Opp. at 13) is immaterial to the reasoning of "the vast majority of courts" considering the issue, which hold that permitting circumvention of statutory prohibitions on an indirect purchaser suit "would undermine state legislative policies." *In re Flonase Antitrust Litig.*, 692 F. Supp. 2d 524, 542 n.13 (E.D. Pa. 2010). Neither of the cases on which EPPs rely (*see* Opp. at 13) acknowledged, much less refuted, this reasoning.

### C.     EPPs Lack a Sufficiently Direct Relationship for Unjust Enrichment Claims

States limit defendants in unjust enrichment claims to those that had a certain relationship with plaintiffs. EPPs are indirect purchasers, meaning they paid entities that had already purchased Sensipar® from Amgen. EPPs point out that some courts permitted claims against defendants that received an indirect benefit (Opp. at 14–15), but the better-reasoned cases support Amgen's argument. Because EPPs do not allege their payments for Sensipar® passed through to Amgen, it is implausible that Amgen "received financial benefits at the expense of [EPPs]," Compl. ¶ 164, in a sufficiently direct way to

recover under the laws of Florida,[3] New York,[4] or Pennsylvania.[5]

### D.      Duplicative Unjust Enrichment Claims Should Be Dismissed

EPPs do not point to any law that prevents this Court from exercising its discretion to dismiss unjust enrichment claims that duplicate a statutory claim.  This Court should follow those courts that streamline unwieldy indirect purchaser complaints by dismissing unjust enrichment claims where the elements that would result in liability are effectively the same as a statutory claim and there is not an independent legal reason to dismiss the statutory claim.  *See* Br. at 10–11.[6]

## III.    Many of EPPs' Claims For Which They Lack Standing Have Additional Fatal Flaws

In addition to the absence of subject matter jurisdiction, many of the claims alleged under the laws of states where the named plaintiffs lack standing fail for independent reasons.

### A.    Three States Only Allow Claims by Consumers, Not Third-Party Payors

*1. Massachusetts.*  Massachusetts does not allow indirect purchaser claims by "persons engaged in trade or commerce," *i.e.*, "motivated by business considerations."  *In re Loestrin 24 FE Antitrust Litig.*, 2019 WL 5406077, at *7 (D.R.I. Oct. 17, 2019) (quoting *Frullo v. Landenberger*, 814 N.E.2d 1105, 1112 (Mass. App. Ct. 2004)).  EPPs rely on a federal case construing *Frullo* to allow suit by indirect purchasers "not motivated by the desire to make money."  *In re Pharm. Indus. Average*

---

[3] EPPs cite cases pre-dating *Kopel v. Kopel*, 229 So. 3d 812, 818 (Fla. 2017), which expressly approved a case that dismissed an unjust enrichment claim because the defendant received the plaintiffs' payment from an intermediary, *Peoples Nat'l Bank of Commerce v. First Union Nat'l Bank of Florida, N.A.*, 667 So.2d 876, 879 (Fla. Dist. Ct. App. 1996).

[4] The case EPPs cite involving an indirect purchase, *Cox v. Microsoft Corp.*, 778 N.Y.S.2d 147 (App. Div. 2004), did not address whether defendant received the claimed payment.  Other courts interpret New York law to prohibit indirect purchaser recovery from a manufacturer.  Br. at 10.

[5] The only state case EPPs cite does not contradict Amgen's cited authority, Br. at 10, because it allowed the claim where the plaintiff provided the direct benefit of "increase in market share." *Commonwealth v. TAP Pharm. Prods., Inc.*, 885 A.2d 1127, 1137–38 (Pa. Commw. Ct. 2005).

[6] If there is an independent legal reason to dismiss the duplicative statutory claim, the Court should dismiss the unjust enrichment claim so as not to circumvent statutory limitations. *See supra* § II.B.

*Wholesale Price Litig.*, 491 F. Supp. 2d 20, 82 (D. Mass. 2007).  Later courts have rejected this reasoning because a benefit plan's purchases are "motivated by business considerations" regardless of the desire to make money.  *Loestrin*, 2019 WL 5406077, at \*7; *In re Aggrenox Antitrust Litig.*, 2016 WL 4204478, at \*8–9 (D. Conn. Aug. 9, 2016).

*2. Missouri.*  EPPs argue that Missouri law allows claims by entities if the "nature and intended use of the merchandise" is personal, regardless the purpose of the purchase.  Opp. at 9.  But entities can sue only for purchases of a product for their personal use.  *See* Br. at 12 (collecting cases).  EPPs' only authority, *FTC v. Mylan Labs., Inc.*, interpreted *Michigan's* statute and applied it to Missouri's statute without further analysis.  62 F. Supp. 2d 25, 48–49 (D.D.C. July 7, 1999).

*3. Vermont.*  EPPs only assert generally that the Vermont statute allows antitrust and consumer protection claims, but offer no rationale or citation contradicting the plain language of the Vermont statute or the authority on which Amgen relies, both of which plainly limit Vermont's consumer protection law to purchases for personal use.  *See* Br. at 12.

EPPs theorize that *some* consumers may be included in the putative class and therefore these statutes permit EPPs' claim.  But even if this assumption is true, dismissal is appropriate because no named plaintiff has statutory standing to assert the claims.  *See* Br. at 11–12; *Shirokov v. Dunlap, Grubb & Weaver, PLLC*, 2012 WL 1065578, at \*33 n.25 (D. Mass. Mar. 27, 2012).

**B.     Only Citizens or Residents of Utah Can Bring a Claim Under Utah Law**

EPPs concede named plaintiffs cannot recover under Utah law because they are not citizens or residents of Utah.  Opp. at 10.  This lack of statutory standing requires dismissal.  *See* § III.A.

**C.     Certain Claims for Unilateral Monopolization Should Be Dismissed**

EPPs seek to avoid the prohibition on claims for unilateral monopolization under California, Kansas, and Mississippi law by claiming to allege concerted action.  EPPs' monopolization claims under these laws should be dismissed to the extent based on unilateral action.  *See* Br. at 12–13 (citing cases).

7

### D.  Certain States' Statutes Prohibit Indirect Purchaser Class Actions Here

EPPs attempt to avoid Hawaii's and Illinois's limitations on indirect purchaser class actions by asserting the plurality opinion in *Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Co.*, 559 U.S. 393 (2010), allows federal class actions regardless of state law prohibitions.  But the plurality opinion was not the governing opinion in that case and is inconsistent with the opinion that *does* govern. Five justices held that a state procedural rule could apply in federal court in certain circumstances, and because Justice Stevens's opinion concurring in the judgment was the narrowest ground, "the majority of courts attempting to apply *Shady Grove* likewise have concluded that Justice Stevens' concurrence controls."  *Davis v. Ace Hardware Corp.*, 2014 WL 688132, at *15 n.10 (D. Del. Feb. 21, 2014), *recommendation adopted*, 2014 WL 1457852 (D. Del. Apr. 11, 2014) (citation omitted); *see also* Br. at 13 (collecting cases).

EPPs do not dispute that if Justice Stevens's opinion governs, Hawaii's and Illinois's limitations apply in federal court.  Thus, the Court should dismiss the Illinois claim because the statute prohibits private antitrust actions by indirect purchasers, Br. at 15, a point EPPs appear to concede, and dismiss the Hawaii claim because EPPs did not notify the Hawaii attorney general of their lawsuit until *after* serving Amgen,[7] and thus EPPs never received the right to sue that comes from the attorney general deciding not to take over litigating the case.  Br. at 13–15 (citing authorities).

### E.  Plaintiffs Cannot Bring a Claim in States That Require Intrastate Misconduct

EPPs misfire in attempting to save their claims under the laws of four states that require more than merely an *effect* on state commerce:  Mississippi, Nevada, South Dakota, and West Virginia.  Br. at 16.  None of EPPs' cases address that the statutes in Nevada, South Dakota, and West Virginia require

---

[7] EPPs notified the attorney general in April 2019, Opp. at 11, but sued beforehand.  Compl., No. 19-cv-369, ECF 1 (D. Del. Feb. 21, 2019); Compl., No. 19-cv-8561, ECF 1 (D.N.J. Mar. 14, 2019).

the *conduct* to occur in the state.  Opp. at 7–8.[8]  Regarding Mississippi, EPPs cite *In re Intel Corp. Microprocessor Antitrust Litigation*, which recognized that the statute applies only if the transactions at issue occurred wholly within Mississippi, as opposed to with an out-of-state company.  496 F. Supp. 2d 404, 413 (D. Del. 2007).  EPPs do not allege that.

### F.     Plaintiffs Allege Invalid Claims Under California Law

EPPs attempt to save their UCL claims by clarifying they seek restitution instead of damages, Opp. at 19, but a clarification in a brief is insufficient.  The Court should instead dismiss the invalid UCL claims for damages.  Additionally, EPPs' attempt to assert a standalone unjust enrichment claim is against the strong weight of authority.  Br. at 17.

### G.     Unjust Enrichment Claims That Circumvent Statutory Prohibitions

For the reasons in § II.B, the Court should dismiss the claims identified in Br. at 17–18.

### H.     EPPs Lack a Sufficiently Direct Relationship for Unjust Enrichment Claims

As explained in § II.C, because Amgen did not receive what EPPs paid, EPPs lack the relationship required to bring unjust enrichment claims in the following states.  Br. at 18–19.

- Alabama.  EPPs cite *Jewett v. Boihem*, 23 So. 3d 658, 662 (Ala. 2009), which is distinguishable because it involved a payment to a company "sole[ly] owne[d] and manage[d]" by the defendant. The benefit must be "realized as a direct result of the transaction." *Opelika Prod. Credit Ass'n v. Lamb*, 361 So.2d 95, 99 (Ala. 1978).

- Georgia.  EPPs' cases involved an intermediary who passed on part of a payment to defendant. *Bolinger v. FMLS, Inc.*, 838 F. Supp. 2d 1340, 1366 (N.D. Ga. 2012); *Chartis Ins. Co. of Can. v. Freeman*, 2013 WL 12121864, at *8 (S.D. Ga. Mar. 18, 2013).

- Idaho.  EPPs cite state cases pre-dating *Stevenson v. Windermere Real Estate/Capital Grp., Inc.*, 275 P.3d 839, 842–44 (Idaho 2012), which rejected a claim where the intermediary had discretion how to spend what plaintiff paid.

---

[8]  EPPs attempt to distinguish *In re Cast Iron Soil Pipe & Fittings Antitrust Litigation*, but the holding's basis was, like here, that the allegations did not show "any connection between the individual state and the wrongful conduct."  2015 WL 5166014, at *26 (E.D. Tenn. June 24, 2015).

- <u>Kansas</u>. In the only state cases EPPs cite, the defendant received the benefit plaintiff provided. *Sec. Benefit Life Ins. Corp. v. Fleming Cos.*, 908 P.2d 1315, 1323 (Kan. Ct. App. 1995); *Peterson v. Midland Nat'l Bank*, 747 P.2d 159, 166–67 (Kan. 1987).

- <u>Kentucky</u>. EPPs cite no state case, and the federal cases cited pre-date Kentucky federal cases that held "requiring the plaintiff to show a direct conferral of a benefit is the better approach." *Lewis v. Jones*, 2018 WL 5043773, at *5 (E.D. Ky. Oct. 17, 2018).

- <u>Maine</u>. EPPs cite state cases pre-dating *Rivers v. Amato*, 2001 WL 1736498, at *4 (Me. Super. Ct. 2001), which held, "No authority can be found for this 'indirect benefit' theory."

- <u>Michigan</u>. EPPs reference federal cases citing state cases that allowed a claim where the defendant was in contact with the plaintiff and actually received the benefit plaintiff provided. A later state case, *A & M Supply Co. v. Microsoft Corp.*, dismissed a claim for lack of direct contact and lack of a "direct payment" from the "indirect purchasers." 2008 WL 540883, at *2 (Mich. Ct. App. Feb. 28, 2008).

- <u>New Jersey</u>. EPPs cite no state case, and the federal cases cited pre-date New Jersey federal cases that surveyed state law and held "a direct relationship is required." *Block v. Jaguar Land Rover N. Am., LLC*, 2016 WL 3032682, at *4 (D.N.J. May 26, 2016).

- <u>North Carolina</u>. Although recent state cases have allowed an indirect benefit, those courts recognize that "'confer[ring] some benefit on the defendant'" is required, which EPPs do not plead here. *Bandy v. Gibson*, 2017 WL 3207068, at *5 (N.C. Super. Ct. July 26, 2017).

- <u>North Dakota</u>. EPPs cite state cases pre-dating *Apache Corp. v. MDU Res. Grp., Inc.*, 603 N.W.2d 891, 895 (N.D. 1999), which required that the defendant receive a "benefit at the direct expense of the [plaintiff]," and dismissed a claim for lack of such a relationship.

- <u>Rhode Island</u>. In the only case EPPs cite, the defendant actually received the benefit plaintiff provided. *Walco Power Servs. v. Maplehurst Farm, Inc.*, 1987 WL 859455, at *2 (R.I. Super. Ct. Sept. 3, 1987). A more recent case held that receiving an "indirect benefit" was insufficient. *J.P. Morgan Chase Bank, N.A. v. Leigh*, 2011 WL 4351584, at *2 (D.R.I. Aug. 23, 2011), *recommendation adopted*, 2011 WL 4351561 (D.R.I. Sept. 15, 2011).

## I.      Duplicative Unjust Enrichment Claims Should Be Dismissed.

For the reasons in § II.D, the Court should dismiss duplicative unjust enrichment claims.

## CONCLUSION

EPPs' Complaint should be dismissed in its entirety for the reasons explained in Amgen's Brief in Support of its Motion to Dismiss Direct Purchaser Plaintiffs' Consolidated Complaint. In addition, EPPs' lack of standing and failure to state a claim require dismissal of EPPs' claims under the laws of all states and territories except the consumer protection claim under Florida law and the statutory antitrust claims under New York and Tennessee law.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Brian P. Egan*

_____
Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
began@mnat.com

OF COUNSEL

Eric J. Stock
Nathan Strauss
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY  10166-0193
(212) 351-4000

*Attorneys for Defendant Amgen, Inc.*

Ashley E. Johnson
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue
Suite 2100
Dallas, TX  75201
(214) 698-3100


January 10, 2020

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 10, 2020, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on January 10, 2020, upon the following in the manner indicated:

Ned Weinberger, Esquire                                              *VIA ELECTRONIC MAIL*
LABATON SUCHAROW LLP
300 Delaware Avenue, Suite 1340
Wilmington, DE  19801
*Attorneys for Plaintiffs UFCW Local 1500 Welfare*
*Fund, Teamsters Local 237 Welfare Fund and*
*Teamsters Local 237 Retirees' Benefit Fund*

Ian Connor Bifferato, Esquire                                        *VIA ELECTRONIC MAIL*
THE BIFFERATO FIRM, P.A.
1007 North Orange Street, 4th Floor
Wilmington, DE  19801
*Attorneys for Plaintiffs UFCW Local 1500 Welfare*
*Fund, Teamsters Local 237 Welfare Fund and*
*Teamsters Local 237 Retirees' Benefit Fund*

Gregory S. Asciolla, Esquire                                         *VIA ELECTRONIC MAIL*
Jay L. Himes, Esquire
Karin E. Garvey, Esquire
Robin A. van der Meulen, Esquire
Matthew J. Perez, Esquire
Domenico Minerva, Esquire
LABATON SUCHAROW LLP
140 Broadway
New York, NY  10005
*Attorneys for Plaintiffs UFCW Local 1500 Welfare*
*Fund, Teamsters Local 237 Welfare Fund and*
*Teamsters Local 237 Retirees' Benefit Fund*

Scott A. Martin, Esquire                           *VIA ELECTRONIC MAIL*
Irving Scher, Esquire
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY  10004
*Attorneys for Plaintiffs UFCW Local 1500 Welfare*
*Fund, Teamsters Local 237 Welfare Fund and*
*Teamsters Local 237 Retirees' Benefit Fund*

Brent Landau, Esquire                              *VIA ELECTRONIC MAIL*
HAUSFELD LLP
325 Chestnut Street, Suite 900
Philadelphia, PA  19106
*Attorneys for Plaintiffs UFCW Local 1500 Welfare*
*Fund, Teamsters Local 237 Welfare Fund and*
*Teamsters Local 237 Retirees' Benefit Fund*

Melinda R. Coolidge, Esquire                       *VIA ELECTRONIC MAIL*
HAUSFELD LLP
1700 K Street, NW, Suite 650
Washington, DC  20006
*Attorneys for Plaintiffs UFCW Local 1500 Welfare*
*Fund, Teamsters Local 237 Welfare Fund and*
*Teamsters Local 237 Retirees' Benefit Fund*

Roberta D. Liebenberg, Esquire                     *VIA ELECTRONIC MAIL*
Jeffrey S. Istvan, Esquire
Paul Costa, Esquire
Adam J. Pessin, Esquire
FINE, KAPLAN AND BLACK, R.P.C.
One South Broad Street, 23rd Floor
Philadelphia, PA  19107
*Attorneys for Plaintiffs UFCW Local 1500 Welfare*
*Fund, Teamsters Local 237 Welfare Fund and*
*Teamsters Local 237 Retirees' Benefit Fund*

Brian P. Murray, Esquire                           *VIA ELECTRONIC MAIL*
Lee Albert, Esquire
Gregory B. Linkh, Esquire
GLANCY PRONGAY & MURRAY LLP
230 Park Avenue, Suite 530
New York, NY 10169
*Attorneys for Plaintiffs UFCW Local 1500 Welfare*
*Fund, Teamsters Local 237 Welfare Fund and*
*Teamsters Local 237 Retirees' Benefit Fund*

Karen E. Keller, Esquire                          *VIA ELECTRONIC MAIL*
Nathan R. Hoeschen, Esquire
Shaw Keller LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
*Attorneys for Defendants Teva Pharmaceuticals USA,*
*Inc., Watson Laboratories, Inc., and Actavis Pharma*
*Inc.*

Henninger S. Bullock, Esquire                     *VIA ELECTRONIC MAIL*
Karen W. Lin, Esquire
Mayer Brown LLP
1221 Avenue of the Americas
New York, NY 10020-1001
*Attorneys for Defendants Teva Pharmaceuticals USA,*
*Inc., Watson Laboratories, Inc., and Actavis Pharma*
*Inc.*

                              */s/ Brian P. Egan*
                              _____
                              Brian P. Egan (#6227)