# MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

(302) 658-9200
(302) 658-3989 FAX

BRIAN P. EGAN
(302) 351-9454
began@mnat.com

July 14, 2020

The Honorable Jennifer L. Hall
United States District Court
844 North King Street
Wilmington, DE 19801

Re:   *In re: Sensipar Antitrust Litig.*, C.A. No. 19-md-2895, 19-369, 19-1461 (LPS) (JLH)

Dear Judge Hall:

We write on behalf of Defendants in response to your Honor's July 13 Order requesting the parties' views on whether, if the Court dismisses Indirect-Purchaser Plaintiffs' ("EPPs") federal antitrust claims, their state law claims should also be dismissed. D.I. 150. Defendants respectfully submit that the answer to the Court's question is yes, both because EPPs fail to state a claim and because EPPs waived any contrary argument.

First, EPPs' state law claims are based on the same factual allegations that underlie the federal antitrust claims. *Compare* D.I. 12 ¶ 106, *with id.* ¶ 124; *compare id.* ¶ 117, *with id.* ¶ 134.[1] Where plaintiffs plead federal antitrust claims and state law claims based on the same factual allegations, and the federal claims are dismissed, the state law claims are routinely and summarily dismissed as well. *See, e.g., Steamfitters Local Union No. 420 Welfare Fund v. Philip Morris, Inc.,* 171 F.3d 912, 934 (3d Cir. 1999); *In re Suboxone (Buphrenorphine Hydrochloride & Naloxone) Antitrust Litig.,* 2017 WL 4642285, at *11–12 (E.D. Pa. Oct. 17, 2017) (dismissing 35 state antitrust claims "for the same reasons" as federal claims because the state laws "continue to be consistently interpreted in parallel, if not identically, with the Sherman Act."); *In re Digital Music Antitrust Litig.*, 592 F. Supp. 2d 435, 447 (S.D.N.Y. 2008), *vacated on other grounds sub nom. Starr v. Sony BMG Music Entm't*, 592 F.3d 314 (2d Cir. 2010).

Second, EPPs waived any argument that the state law claims should survive dismissal of the federal antitrust claims by failing to make any argument to that effect in their brief. In Defendants' motion to dismiss, they cited *Suboxone, supra*, and expressly argued that EPPs' claims failed for the same reasons that the direct purchaser plaintiffs' federal claims failed. D.E. 32, at 1-2; *see also* D.I. 101, at 1. EPPs did not even address—much less dispute—this argument in their Opposition. It is well established that the "absence of any response by [Plaintiff] to defendant's arguments" results in "abandon[ment] and dismiss[al]." *See Riddell v. Gordon*, 2008 WL 4766952 at *4 (D. Del. Oct. 31, 2008); *New Shah, Inc. v. Shah*, 2000 WL 1728251 at *3 (D. Del. June 20, 2000) ("To the extent Plaintiffs did not intend to abandon these claims, the court finds that [Plaintiffs] have done so by failing to respond to apparently meritorious arguments raised in [Defendant's] opening brief.").

---

[1] The allegations in paragraphs 117 and 134 also appear in the state-specific paragraphs pertaining to consumer protection claims. *See, e.g.,* ¶¶ 146, 151, 156. The unjust enrichment claims are specifically pled "in the alternative" to EPPs' other theories based on the same factual allegations. *Id.* ¶ 160.

The Honorable Jennifer Hall
July 14, 2020
Page 2

                                                     Respectfully,

                                                     */s/ Brian P. Egan*

                                                     Brian P. Egan (#6227)

BPE/rah
cc:      All Counsel of Record (via electronic mail)

## **RULE 7.1.1 CERTIFICATE**

Pursuant to D. Del. LR 7.1.1, counsel for Defendants certify that the parties have conferred regarding the Court's July 13, 2020 Oral Order (D.I. 150), and confirmed that the parties will submit their own respective letters in response to the Court's Order.

*/s/ Brian P. Egan*

_____
Brian P. Egan (#6227)