**THE BIFFERATO FIRM, P.A.**

Ian Connor Bifferato
cbifferato@tbf.legal
302.429.0907

July 14, 2020

**VIA ECF**
The Honorable Jennifer L. Hall
U.S. District Court for the District of Delaware
844 N. King Street, Unit 17, Room 3124
Wilmington, DE 19801-3555

RE:   *In re Sensipar (Cinacalcet Hydrochloride Tablets) Antitrust Litig.*, No. 19-md-02895-LPS (D. Del.)

Dear Magistrate Judge Hall:

Indirect Purchaser Plaintiffs ("IPPs") respond as follows to Your Honor's July 13, 2020 Order.

**Question 1 (federal versus state law claims):** IPPs' federal and state law claims are not identical: the former seek injunctive relief, and the latter seek damages.[1] Thus, dismissal of the federal claims on the basis that IPPs are not entitled to injunctive relief would not affect the state law claims.[2] But, were the Court to dismiss the federal claims because the complaint did not state plausible Sherman Act claims, we would not oppose dismissal—without prejudice to further amendment—of the state antitrust and consumer law claims based on the current motions and allegations in IPPs' complaint.[3]

**Question 2 (waiver):** We respectfully submit that the Court need not reach the waiver issue. To start, Amgen does not argue waiver. And, in any event, IPPs did not waive argument on this issue; IPPs argued that Amgen improperly incorporated by reference arguments from a motion not directed to the IPPs.[4] Moreover, given the skeletal nature of Amgen's argument for dismissal—a mere two sentences and a single citation in the brief's introduction—the Court need not credit it. Indeed, by giving the argument such short shrift, Amgen failed to properly place the issue before the Court or put the IPPs on adequate notice of the argument, thereby arguably waiving it.[5]

We are available at the Court's convenience to address any other questions Your Honor may have.

---

[1] *Compare* D.I. 12 ¶¶ 112, 122 (injunctive relief under the Sherman Act) *with id.* ¶¶ 130, 138 (damages under state antitrust law).
[2] *See In re DDAVP Indirect Purchaser Antitrust Litig.*, 903 F. Supp. 2d 198, 237 (S.D.N.Y. 2012) (upholding state law claims while denying claim for injunctive relief under Sherman Act).
[3] D.I. 76, at 13 (quoting *D.R. Ward Constr. Co. v. Rohm & Haas Co.*, 470 F. Supp. 2d 485, 506 (E.D. Pa. 2006)).
[4] D.I. 76 n.3. Teva's request to dismiss IPPs' state law claims should also be rejected because it did not join Amgen's motion against the IPPs. *Id.* at n.1.
[5] *See, e.g.*, *MarkDutchCo 1 B.V. v. Zeta Interactive Corp.*, 2019 WL 5964599, at *2, n.3 (D. Del. Nov. 13, 2019) (holding that defendant's argument made in passing was waived) (citing *John Wyeth & Bro. Ltd. v. CIGNA Int'l Corp.*, 119 F.3d 1070, 1076, n.6 (3d Cir. 1997)); *In re African-Am. Slave Descendants Litig.*, 307 F. Supp. 2d 977, 981 n.2 (N.D. Ill. 2004) (argument waived where "authority is only cited in the opening paragraph of the motion, and no argument or supporting case law is advanced to support this argument in the remainder of the motion").

Respectfully submitted,

*/s/ Ian Connor Bifferato*

Ian Connor Bifferato