IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: Sensipar (Cinacalcet Hydrochloride Tablets) Antitrust Litigation | Master Docket No. 19-md-2895-CFC |
| This Document Relates to: | |
| All Direct Purchaser Actions | Civil Action No. 19-396-CFC<br>Civil Action No. 19-1460-CFC |
| All Indirect Purchaser Actions | Civil Action No. 19-369-CFC<br>Civil Action No. 19-1461-CFC |

## **MEMORANDUM ORDER**

These consolidated multidistrict antitrust actions were originally assigned to the Honorable Leonard P. Stark. In an order filed on March 11, 2022 (the March Order), Judge Stark granted in part and denied in part Defendants' motions to dismiss the second amended consolidated class action complaints filed by Plaintiffs. *See* D.I. 251 (granting-in-part and denying-in-part C.A. No. 19-md-2895, D.I. 209, D.I. 211, D.I. 213; C.A. No. 19-369, D.I. 121, D.I. 123; C.A. No. 19-396, D.I. 148, D.I. 151; C.A. No. 19-1460, D.I. 113, D.I. 116; C.A. No. 19-1461, D.I. 101, D.I. 103).

Pending before me is Defendants' motion pursuant to 28 U.S.C. § 1292(b) for certification of an interlocutory appeal of the March Order. D.I. 263. Plaintiffs do not oppose the motion. D.I. 266 at 1.

Judge Stark was elevated to the United States Court of Appeals for the Federal Circuit after issuing the March Order but before the pending motions were fully briefed. The case was reassigned to me upon Judge Stark's elevation to the Federal Circuit.

A threshold question not addressed by the parties is whether I have the power under § 1292(b) to certify an interlocutory appeal from the March Order. The statute provides in relevant part: "When *a district judge, in making in a civil action an order not otherwise appealable under this section,* shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, *he* shall state so in writing in such order." 28 U.S.C. § 1292(b) (emphasis added).

"[J]udicial inquiry into the applicability of § 1292 begins and ends with what § 1292 . . . say[s]." *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 254 (1992). "[I]n interpreting a statute a court should always turn first to one, cardinal canon before all others[:] . . . courts must presume that a legislature says in a statute what it means and means in a statute what it says there." *Id.* at 253–54.

2

The text of § 1292(b) is unambiguous. Moreover, "Congress intended that section 1292(b) should be sparingly applied." *Milbert v. Bison Lab'ys, Inc.*, 260 F.2d 431, 433 (3d Cir. 1958) (en banc). Although "judge" is often used interchangeably with "court," § 1292 distinguishes between the two terms. *See, e.g.*, § 1292(a)(1) (referring to "[i]nterlocutory orders of the district courts . . . or of the judges thereof"); § 1292(a)(3) (referring to "[i]nterlocutory decrees of such district courts or the judges thereof"); § 1292(b) (referring to "the district judge or the Court of Appeals or a judge thereof"); § 1292(d)(1) (referring to "any judge of the Court of International Trade"); § 1292(d)(2) (referring to "any judge of the United States Court of Federal Claims"); § 1292(d)(3) (referring to "a judge of the Court of International Trade or of the Court of Federal Claims or by the United States Court of Appeals for the Federal Circuit or a judge of that court"). In short, the plain and unambiguous language of § 1292(b) makes clear that the statute authorizes only the judge who made the order for which an interlocutory appeal is sought to certify that order for interlocutory appeal.

I did not make the March Order; Judge Stark did. Accordingly, § 1292(b) does not authorize me to certify an interlocutory appeal of the March Order. I will therefore deny Defendants' motion.[1]

---

[1] I am aware that the Fifth and Sixth Circuits have each accepted without comment certification of an interlocutory appeal by a district judge who inherited the case after another district judge had issued the order that was the subject of the

3

Now therefore, at Wilmington on this Sixteenth Day of February in 2023, it is HEREBY ORDERED that Defendants Teva Pharmaceuticals USA, Inc., Watson Laboratories, Inc., Actavis Pharma, Inc., and Amgen Inc.'s Motion for Certification for Interlocutory Appeal (D.I. 263) is **DENIED**.

_____
CHIEF JUDGE

---

interlocutory appeal. *See Penthouse Owners Ass'n, Inc. v. Certain Underwriters at Lloyds, London,* 612 F.3d 383, 385 (5th Cir. 2010); *In re City of Memphis,* 293 F.3d 345, 348 (6th Cir. 2002).