IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: Sensipar (Cinacalcet Hydrochloride Tablets) Antitrust Litigation | Master Docket No. 19-md-2895-CFC |
| This Document Relates to: | |
| All Direct Purchaser Actions | Civil Action No. 19-396-CFC<br>Civil Action No. 19-1460-CFC |
| All Indirect Purchaser Actions | Civil Action No. 19-369-CFC<br>Civil Action No. 19-1461-CFC |

## ORDER

These consolidated multidistrict antitrust actions were originally assigned to the Honorable Leonard P. Stark. In an order filed on March 11, 2022 (the March Order), Judge Stark granted in part and denied in part Defendants' motions to dismiss the second amended consolidated class action complaints filed by Plaintiffs. *See* D.I. 251 (granting-in-part and denying-in-part C.A. No. 19-md-2895, D.I. 209, D.I. 211, D.I. 213; C.A. No. 19-369, D.I. 121, D.I. 123; C.A. No. 19-396, D.I. 148, D.I. 151; C.A. No. 19-1460, D.I. 113, D.I. 116; C.A. No. 19-1461, D.I. 101, D.I. 103). Judge Stark was elevated to the United States Court of Appeals for the Federal Circuit after issuing the March Order, and the case was reassigned to me upon Judge Stark's elevation to the Federal Circuit.

Pending before me are Plaintiffs' motions for entry of final judgment under Federal Rule of Civil Procedure 54(b) and alternatively for certification of an interlocutory appeal of the March Order pursuant to 28 U.S.C. § 1292(b). D.I. 259, D.I. 261.[1] Defendants oppose the motions. D.I. 267.

Rule 54(b) "allows a district court dealing with multiple claims or multiple parties to direct the entry of final judgment as to fewer than all of the claims or parties . . . ." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 3 (1980). "[T]he rule was designed in an attempt to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties." *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 202 (3d Cir. 2006) (internal quotation marks and citation omitted). "It is left to the sound judicial discretion of the district court to determine the appropriate time when each final decision in a multiple claims action is ready for appeal." *Curtiss-Wright*, 446 U.S. at 8 (internal quotation marks and citation omitted).

Plaintiffs have not persuaded me that piecemeal appeals are appropriate in this case. *Berckeley*, 455 F.3d at 202; *see also Sussex Drug Prod. v. Kanasco, Ltd.*, 920 F.2d 1150, 1153 (3d Cir. 1990) ("Disfavoring piecemeal appeals is a long-

---

[1] Plaintiffs filed two identical motions with identical briefing. Each motion moves for entry of final judgment and alternatively for certification of an interlocutory appeal.

2

standing policy of the federal courts."). Some of Plaintiffs' claims survived the March Order. Those claims share significant similarities with the dismissed claims, so it will be more efficient for there to be one appeal at the end of the case. Entering partial final judgment would also run the risk of the Third Circuit having to consider the same or overlapping issues twice. Accordingly, I will refrain from exercising my discretion to enter a final judgment under Rule 54(b).

I will also deny Plaintiffs' alternative argument for certification of an interlocutory appeal of the March Order under § 1292(b). As I explained in the Memorandum Order denying Defendants' motion for an interlocutory appeal, *see* D.I. 286, the plain and unambiguous language of § 1292(b) makes clear that the statute authorizes only the judge who made the order for which an interlocutory appeal is sought to certify that order for interlocutory appeal. I did not make the March Order; Judge Stark did. Accordingly, § 1292(b) does not authorize me to certify an interlocutory appeal of the March Order.

Now therefore, at Wilmington on this Sixteenth Day of February in 2023, it is HEREBY ORDERED that Plaintiffs' Joint Motion for Entry of Final Judgment Under Fed. R. Civ. P. 54(b) and for Certification of Appeal Pursuant to 28 U.S.C.

3

§ 1292(b) (D.I. 259, D.I. 261) is **DENIED**.

                                                       *[signature]*
                                                                         CHIEF JUDGE