IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: Sensipar (Cinacalcet Hydrochloride Tablets) Antitrust Litigation | Master Docket No. 19-md-2895-CFC |
| This Document Relates to: | |
| All Direct Purchaser Actions | Civil Action No. 19-396-CFC<br>Civil Action No. 19-1460-CFC |
| All Indirect Purchaser Actions | Civil Action No. 19-369-CFC<br>Civil Action No. 19-1461-CFC |

## **MEMORANDUM**

These consolidated multidistrict antitrust actions were originally assigned to the Honorable Leonard P. Stark. In an order filed on March 11, 2022, Judge Stark granted in part and denied in part Defendants' motions to dismiss the second amended consolidated class action complaints filed by Plaintiffs. *See* D.I. 251 (granting-in-part and denying-in-part C.A. No. 19-md-2895, D.I. 209, D.I. 211, D.I. 213; C.A. No. 19-369, D.I. 121, D.I. 123; C.A. No. 19-396, D.I. 148, D.I. 151; C.A. No. 19-1460, D.I. 113, D.I. 116; C.A. No. 19-1461, D.I. 101, D.I. 103). Judge Stark was elevated to the United States Court of Appeals for the Federal Circuit after issuing the March 2022 order, and the case was reassigned to me.

Defendants thereafter filed a motion pursuant to 28 U.S.C. § 1292(b) for certification of an interlocutory appeal of Judge Stark's order. D.I. 263. Defendants asked that I certify the appeal for the following question:

> Can settlement of a patent infringement claim that involves the forgiveness of damages associated with that very patent's alleged infringement, on its own or combined with an acceleration clause, constitute a reverse payment under *F.T.C. v. Actavis*, 570 U.S. 136 (2013) in the absence of some other consideration transferred from the patentee to the alleged infringer?

D.I. 263 at 1–2. Plaintiffs did not oppose the motion. D.I. 265 at 1; D.I. 266 at 1.

I denied the motion in a memorandum order I issued on February 16, 2023 (the February 2023 Memorandum Order) because the plain and unambiguous language of § 1292(b) authorizes only the judge who made the order for which an interlocutory appeal is sought to certify that order for interlocutory appeal. D.I. 286 at 3; *see also* 28 U.S.C. § 1292(b) ("When *a district judge, in making in a civil action an order not otherwise appealable under this section*, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, *he* shall so state in writing in such order." (emphasis added)). I did not make the March 2022 order; Judge Stark did. Accordingly, I concluded that § 1292(b) does not authorize me to certify an interlocutory appeal of his order.

2

Had I believed I had the authority to certify an interlocutory appeal of Judge Stark's order, I would have done so, as I believe the question presented in Defendants' motion for an interlocutory appeal is a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from Judge Stark's order could very well advance the ultimate termination of this litigation. *See Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974) (en banc) (holding that § 1292(b) "imposes three criteria": "The order must (1) involve a controlling question of law, (2) offer substantial ground for difference of opinion as to its correctness, and (3) if appealed immediately materially advance the ultimate termination of the litigation." (internal quotation marks omitted)).

Defendants have moved for reargument with respect to the February 2023 Memorandum Order. D.I. 289. Such "[a] motion . . . should be granted only if the movant can show at least one of the following: (i) an intervening change in controlling law; (ii) the availability of new evidence not available when the court made its decision; or (iii) the need to correct a clear error of law or fact to prevent manifest injustice." *Am. Axle & Mfg., Inc. v. Neapco Holdings LLC*, 2017 WL 3888228, at *1 (D. Del. Sept. 6, 2017). Defendants have not made that showing here, so I will deny the motion for reargument.

3

I will, however, certify the February 2023 Memorandum Order for interlocutory appeal, as I am "of the opinion that [the] order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of th[is] litigation." 28 U.S.C. § 1292(b).

The controlling question of law is: Does § 1292(b) authorize a district court judge to certify for interlocutory appeal an order issued in the same case by a predecessor district court judge? Although, for the reasons set forth in the February 2023 Memorandum Order, I believe that the plain and unambiguous language of § 1292(b) does not authorize me to certify an interlocutory appeal of Judge Stark's order, I recognize that reasonable minds could conclude otherwise. (As I noted in the February 2023 Memorandum Order, two courts of appeals have accepted without comment district court judges' certifications for interlocutory appeal of orders issued by those judges' respective predecessors. *See* D.I. 286 at 3 n.1 (citing *Penthouse Owners Ass'n, Inc. v. Certain Underwriters at Lloyds, London*, 612 F.3d 383, 385 (5th Cir. 2010); *In re City of Memphis*, 293 F.3d 345, 348 (6th Cir. 2002)).) Thus, there is, in my view, substantial ground for a difference of opinion on the question. Lastly, because "appellate jurisdiction applies to the *order* certified to the court of appeals" and "the appellate court may address any issue fairly included within the certified order," *Yamaha Motor Corp.,*

4

*U.S.A. v. Calhoun*, 516 U.S. 199, 205 (1996) (emphasis in original), an immediate appeal of the February 2023 Memorandum Order would, if the Third Circuit disagreed with my reading of § 1292(b), allow the Third Circuit to consider the question for which Defendants sought an interlocutory appeal, and therefore, an immediate appeal of the February 2023 Memorandum Order could materially advance the ultimate termination of this litigation. Accordingly, all three criteria of § 1292(b) are met here.

District courts have the authority under § 1292(b) to certify *sua sponte* orders for interlocutory appeal. *See United States v. Stanley*, 483 U.S. 669, 673 (1987); *Gen. Pub. Util. v. United States*, 745 F.2d 239, 240 (3d Cir. 1984). Therefore, I will certify the February 2023 Memorandum Order for interlocutory appeal.

The Court will issue an order consistent with this Memorandum.

April 6, 2023

                                                                                            CHIEF JUDGE